KLEIN, MESSNER CO. *v.* UNITED STATES (No. 2506) [1]

1. CONSTRUCTION REMEDIAL STATUTES LIBERAL—SECTION 489, TARIFF ACT OF 1922—REMISSION OF ADDITIONAL DUTIES.

That provision of section 489, Tariff Act of 1922, granting importers the right to remission of additional duties imposed for undervaluation in entry if they show the Board of General Appraisers that there was no fraudulent intent, new legislation, is clearly a remedial statute, to be liberally construed to promote its object.

2. SECTIONS 518 AND 489, TARIFF ACT OF 1922—BOARD'S RULES.

SECTION 518, Tariff Act of 1922, confers upon the Board of General Appraisers general authority to make rules, and section 489 confers upon it authority to make rules governing petitions for the remission of additional duties. Such rules must be reasonable; and a rule governing the petition for remission must, to be reasonable, cover all cases. A right granted by the legislative can not be limited or defeated by a rule adopted by the executive or judiciary.

[1] T. D. 41212.

3. RULE XXXVI, BOARD OF UNITED STATES GENERAL APPRAISERS—TIME FOR FILING PETITION FOR REMISSION OF ADDITIONAL DUTIES.

That portion of Rule XXXVI of the Board of United States General Appraisers which required a petition for remission of additional duties under section 489, Tariff Act of 1922, to be filed within 60 days after final appraisement, is unreasonable, in that, in some cases, importers, to be within the 60 days, would have to file the petition before any additional duties were assessed; and it is contrary to law and void. Merchandise was entered September 17, 1923, at a specific duty and appraised September 28, 1923. The importer was notified by the collector of an advance in value October 2, 1923. The notice contained the word "specific," which, in the practice, was understood to mean that the merchandise was chargeable with specific duty. Importer waived reappraisement. February 1, 1924, the collector liquidated the entry at an ad valorem rate of duty and, because of the advance of the appraised over the entered value, levied additional duties. February 21, 1924 (more than 60 days after appraisement but less than 60 days after liquidation), importer filed with the Board of United States General Appraisers a petition for the remission of additional duties. The judgment of the board granting the Government's motion to dismiss the petition because not filed within 60 days of final appraisement is reversed and the cause remanded.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, G. A. 8903 (T. D. 40539)

[Reversed and remanded.]

*Allan R. Brown* for appellant.

*William W. Hoppin*, Assistant Attorney General (*John A. Kemp*, special attorney, of counsel), for the United States.

[Oral argument Oct. 8, 1925, by Mr. Brown and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is a petition for remission of additional duties under section 489 of the tariff act of 1922, the pertinent part of which is as follows:

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. Such additional duty shall apply only to the particular article or articles in each invoice that are so advanced in value upon final appraisement and shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, and shall be limited to 75 per centum of the final appraised value of such article or articles. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise

at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. If the appraised value of any merchandise exceeds the value declared in the entry by more than 100 per centum, such entry shall be presumptively fraudulent, * * * and in any legal proceeding other than a criminal prosecution that may result from such seizure, the undervaluation as shown by the appraisal shall be presumptive evidence of fraud, and the burden of proof shall be on the claimant to rebut the same, and forfeiture shall be adjudged unless he rebuts such presumption of fraud by sufficient evidence.

The merchandise was entered September 17, 1923, at a specific duty and appraised September 28, 1923. The importer was notified by the collector of an advance in value October 2, 1923. The notice contained the word "specific" which in the practice was understood to mean that the merchandise was chargeable with a specific rate of duty. Importer waived reappraisement. February 1, 1924, the collector liquidated the entry at an ad valorem rate of duty and, because of the advance of the appraised over the entered value, levied additional duties. February 21, 1924 (more than 60 days after appraisement but less than 60 days after liquidation), importer filed with the Board of General Appraisers a petition for the remission of the additional duties. May 7, 1924, the Government filed a motion to dismiss the petition for failure to comply with Rule XXXVI of the Rules of Procedure and Practice before the United States General Appraisers, on the ground that the petition was filed more than 60 days after the date of final appraisement and on the further ground that the petition did not set forth in concise form the facts desired to be proved at the hearing on said petition in accordance with said rule.

On December 1, 1924, a majority of the board granted the Government's motion to dismiss the petition on the ground first stated in the Government's motion, without passing upon the second ground stated therein, from which order of dismissal importer appealed to this court.

One member, Judge Waite, dissented upon the ground that Rule XXXVI was unreasonable in that it was beyond the authority of the board to prescribe and enforce the same under the facts in this case, pointing out that there was a class of cases especially those involving the conversion of currency of the country of exportation into the currency of the United States, in which neither the collector nor the importer would know whether there was an advance of the appraised over the entered value until liquidation.

In the argument before this court, the Government claims that Rule XXXVI is within the power and authority of the board to make and enforce; that it is reasonable and that the failure to comply therewith in this case justified granting the motion to dismiss.

The importer's contentions in substance are that the rule is unreasonable and beyond the power of the board to make and enforce because contrary to the statute in that thereby Congress gave to the board no power to limit by rule the *time* for filing such petition, and that if such authority was given the rule is void as unreasonable because the statute contemplated that the petition should be filed after and not before liquidation.

Rule XXXVI which was promulgated December 20, 1922, is as follows:

Petitions made by importers for remission of additional duties accruing under the provisions of section 489 of the Tariff Act of 1922 shall be in writing and duly verified by the petitioner; or if the petitioner be a partnership or corporation, by a member thereof or by any one knowing the facts. Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof within 60 days from the date of final appraisement. It shal set forth in concise form the facts desired to be proved at the hearing on said petition. * * *

It appears that this rule as first announced November 17, 1922, provided, among other things, that petitions for remission of duties should be filed within 30 days from the date of final appraisement, and also that on November 5, 1924, it was further amended by providing that such petitions should be filed any time after final appraisement but not later than 60 days after final liquidation. This amendment did not contain any provision that it should not apply to pending petitions theretofore filed or that the disposition of such petitions should be governed by the rule in force when they were filed.

Importer therefore argues that as the last amendment was operative when the case was heard before the board, that tribunal should not have dismissed the petition, because it was filed within the time provided in the last amendment. We find it unnecessary to consider this claim.

From the foregoing it is obvious that the question standing for decision is whether or not the provision of Rule XXXVI that the petition shall be filed within 60 days from date of final appraisement is invalid for any reason.

In addition to section 489 the Government also relies upon section 518 of the act as giving authority to the board to make the rule.

So far as necessary to refer thereto, we note that the last-mentioned statute authorizes the board—

* * * to establish from time to time such rules of evidence, practice, and predecure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, in securing uniformity in its decisions and in the proceedings and decisions of the members thereof, and for the production, care, and custody of samples and of the records of said board.

It is not pointed out, nor do we find, that there is any authority vested in the board by section 518 greater, so far as relates to remis-

sion of additional duties, than that granted in section 489. Neither do we discover in either the grant of any express authority to the board to provide by rule the time within which petitions may be filed.

Section 489 provides that an importer may file a petition with the board but does not state the time within which it may be done. The only implication as to such time is that necessarily inferred, which is that it must at the earliest be after final appraisement. That such must be its interpretation is obvious because of the fact that until final appraisement neither the importer nor the collector would know that additional duties could be assessed. The statute, however, is silent as to when, after final appraisement, the petition may be filed.

The provision in section 489 that an importer may have remission of additional duties is new to tariff law. At the time of its enactment an importer could obtain no relief from the assessment of additional duties except in cases of manifest clerical error. Tariff act of 1913, sec. 3, par. 5. Such in substance has been the law for a long time. Act of August 30, 1842, 5 Stats. 564; sec. 2909, Revised Statutes; customs administrative act of June 10, 1890, sec. 7; tariff act of July 24, 1897, sec. 32; tariff act of August 5, 1909, sec. 28, subsec. 7, and there may have been other like enactments.

Under these statutes it mattered not if an importer exercised the utmost care, good faith, and honesty in stating the value of an importation on entry or under what mistaken understanding of the law or facts he proceeded, if his undervaluation was not the result of manifest clerical error he was compelled to pay a sum which did not represent the ordinary tariff duty upon his importation. Manifestly to an honest importer who acted in absolute good faith with the Government and its officers, this was a hardship. Congress evidently realized this and intended to obviate the same by the enactment of section 489, thereby giving the importer a right to a remission of additional duties if he proved that the undervaluation was without intent to defraud the revenue, to conceal, misrepresent, or deceive as to the facts or as to the value of the imported merchandise. In other words, if importer proves that he acted honestly and in entire good faith in fixing the value of his importation on entry, he is entitled to relief from the results of undervaluation.

Clearly this is a remedial statute to be liberally construed to promote the object of the legislation. Lewis' Sutherland Statutory Construction, sec. 584; *Cliquot's Champagne*, 3 Wall. 114 at 145; *Beley* v. *Naphtaly*, 169 U. S. 353; 36 Cyc., p. 1174.

It is claimed by importer that in the case before us it could not know that additional duties would be assessed until final liquidation, and it is also clearly pointed out by Judge Waite, in his dissenting opinion, that in cases involving the conversion of the currency of the invoice into that of the United States it can not be known until final liquidation whether or not additional duties will be assessed.

The Government does not deny this but seems to assume that even so it is a hardship that the importer must suffer because the rule of the board is the law. This view, if sustained, would result, as pointed out by the importers, that in some cases it would be necessary to file a petition for remission of additional duties before any had been assessed, before it could be known that they would be assessed, and to litigate to a conclusion that issue only to find that it was useless and abortive because the collector at final liquidation had not assessed additional duties.

We can not think that section 489 contemplates any such result and are of opinion that Rule XXXVI as in effect at the time this petition was filed was unreasonable and beyond the authority of the board to make. To be reasonable a rule must be such as will cover all cases where additional duties may be assessed. The Congress intended to treat all importers alike so far as remission of additional duties was concerned, and any rule of the board which defeats that intent is contrary to law and void.

The following cases are among the many that might be cited to support the proposition that a right granted by Congress can not be limited or defeated by a rule adopted either by an executive department or a court: *Clyde* v. *United States*, 80 U. S. 38; *Morrill* v. *Jones*, 106 U. S. 466; *United States* v. *Eaton*, 144 U. S. 677; *Steinmetz* v. *Allen*, 192 U. S. 543; *Williamson* v. *United States*, 207 U. S. 425; *Aktieselskabet Fide* v. *Lloyd Braziliero*, 283 Fed. 62; *Maderia Embroidery Co.* v. *United States*, 9 Ct. Cust. Appls. 141; *United States* v. *Younglove Grocery Co.*, 5 Ct. Cust. Appls. 377.

We conclude that the provision of Rule XXXVI, in force when this entry was made, that a petition for remission must be filed within 60 days from the date of final appraisement is unreasonable, contrary to the statute, and void. We do not consider any other provision of that rule.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.

*Reversed* and *remanded*.