WOOLWORTH CO. ET AL. *v.* UNITED STATES (No. 2648)[1]

PETITION FOR REMISSION—TIMELINESS—BOARD'S RULE—PREMATURE BEFORE LIQUIDATION.

Petition for remission of additional duty imposed for undervaluation in entry, under section 489, Tariff Act of 1922, was filed in violation of the board's rule (XXXVI) requiring it to be filed within 60 days from final appraisement. In *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212, this rule was held void. Consequently, there was no time limit for the filing of the petition. *United States* v. *Brody & Co.*, 14 Ct. Cust. Appls. 90, T. D. 41585, decided concurrently herewith. One was filed after the rule was amended permitting it to be filed within 60 days after final liquidation, in conformity with the amendment. Consequently, they were wrongly dismissed as not being in time under the rule. Such petitions filed before liquidation are premature, and should be dismissed without prejudice.

[1] T. D. 41583.

United States Court of Customs Appeals, May 1, 1926

APPEALS from Board of United States General Appraisers, Abstracts 49544 and
49574

[Reversed and remanded.]

*Sharretts, Coe & Hillis (Edward P. Sharretts* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*John G. Lerch* and *Margaret M. Burnett,* special attorneys, of counsel), for the United States.

[Oral argument December 11, 1925, by Mr. Sharretts and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

BARBER, Judge, delivered the opinion of the court:

Section 489 of the Tariff Act of 1922, after providing for the assessment of additional duties on importations undervalued on entry, provides that—

:Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The case here involves the determination of five appeals by four different importers from the judgments of the Board of General Appraisers denying their petitions for remission of additional duties under the provision above quoted. The appeals were heard separately by the board, and separate judgments entered. The cases are consolidated and heard together here, the issues, except as hereinafter pointed out, being the same in each.

The appeals are distinguished by the petition number and are as follows:

Petition 2120–R—F. W. Woolworth & Co.
Petition 2180–R—Taiyo Trading Co.
Petition 2298–R—Taiyo Trading Co.
Petition 2290–R—William Shaland.
Petition 2248–R—L. D. Bloch & Co.

Petition 2298–R is sometimes referred to in the record as 2296–R.

In hereafter referring to these petitions the letter "R" will usually be omitted.

The following tabulation shows the date of entry, the date of final appraisal, and the date of liquidation, so far as they have been liquidated, of the entries involved in these cases, and also the date when the petitions were respectively filed:

| Petition | Entry | Final appraisement | Liquidation | Petition filed |
|---|---|---|---|---|
| 2120 | Nov. 13, 1923 | Aug. 18, 1924 | Oct. 17, 1924 | Dec. 8, 1924 |
| 2180 | Dec. 16, 1922 | Jan. 10, 1923 | Not liquidated | Dec. 24, 1924 |
| 2298 | Oct. 19, 1922 | Nov. 17, 1922 | do | Dec. 17, 1924 |
| 2290 | Mar. 31, 1923 | Apr. 12, 1923 | do | Jan. 19, 1925 |
| 2248 | Jan. 16, 1924 | Feb. 15, 1924 | do | Jan. 8, 1925 |

During the arguments in this court questions arose as to when the merchandise involved in the respective cases was entered and whether and when the entries had been liquidated. These facts are not clearly disclosed by the records and files in the cases, and, at the suggestion of the court, a stipulation signed by counsel for the respective parties has been filed setting forth the dates of entry and of liquidation so far as the entries have been liquidated. The above tabulation states facts disclosed by the records and files or set out in the stipulation.

In October, 1922, the Board of General Appraisers adopted its "Rules of Practice and Procedure" which were promulgated on the 17th day of November, 1922. T. D. 39312. Rule XXXVI thereof relates to petitions of the kind now under consideration and provides that—

Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof within thirty days from the date of final appraisement.

On December 20, 1922, an amendment to this rule was promulgated providing that such petitions shall be filed "within 60 days from the date of final appraisement." T. D. 39370.

On November 5, 1924, the rule was further amended by providing that such petitions shall be filed "at any time after final appraisement but not later than 60 days after liquidation." T. D. 40464.

From the foregoing it appears that the last amendment to the rule was made more than 60 days after final appraisement in all these cases, so that if either of the earlier provisions of the rule as to the time within which the petitions should be filed were effective and valid, the petitions were filed too late.

The Board of General Appraisers, without considering or determining any of these cases on the merits, dismissed each petition on the ground that it was not filed within the time provided for by its rules in force at the time the final appraisements were respectively made, saying in the opinion in one case that it was without power to grant relief.

In its opinion in 2248 the board states, as an additional reason for dismissing the petition, that a previous petition for remission had been filed with it within 60 days from the date of final appraisement; that such petition had been suspended on account of the pending

appeal before this court in the case of *Fish & Co.* v. *United States* which was then undetermined, and that the second petition was filed "without any statement or allegation concerning the suspended suit or why it was necessary to file a second petition on the same state of facts."

The case of *Fish & Co.* v. *United States*, referred to in the board's opinion, is reported in 12 Ct. Cust. Appls. 307. On *certiorari*, it was reviewed in the Supreme Court in an opinion handed down June 1, 1925, *United States* v. *Fish*, 268 U. S. 607.

In *Klein, Messner & Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212, opinion in which has been handed down since the cases now under consideration were argued in this court, we held that Rule XXXVI of the board requiring petitions of this character to be filed within 60 days from the date of final appraisement was unreasonable, contrary to the statute, and void.

The views expressed in the opinion in that case are applicable here and require the conclusion that, when the petitions in the instant cases were filed, there was no valid rule of the board in force providing for the time within which petitions of this character should be brought, unless it was the amendment made November 5, 1924, hereinbefore referred to.

The case of *Fish & Co.*, *supra*, did not involve any question as to the time within which petitions for remission should be filed nor the validity of any rule of the board touching that matter. The fact that it could not be known whether or not additional duties would be assessed until liquidation was not considered in that case.

It is obvious, as pointed out in the opinion in the *Klein* case, that no importer should be required to file a petition for remission of additional duties until the collector, on liquidation, has assessed the same. It is unreasonable as well as impossible to require a litigant to protest against, challenge, attack, or in any way undertake to impeach a judgment or finding of fact against him until the same has been rendered or found.

The opinion expressed by the board that it had no power to grant relief was, presumably, based upon the assumption that its rule had the force of statute law. But a statute that is invalid, because not within the authority of the legislative body to enact, is of no effect whatever. "It is in legal contemplation as though it never had been passed." *Norton* v. *Shelby County*, 118 U. S. 425; *Chicago, etc., Ry. Co.* v. *Hackett*, 228 U. S. 559, 566.

The void rule, ostensibly in force when the appraisements in these cases were made, can not be regarded as of any greater force than an invalid statute. Such rule was as though it had not been adopted.

In the cases now before us the appellants contend that the petitions were filed in time because, as they argue, "they complied with the rule in effect when they were filed."

No claim is made that the rule as amended November 5, 1924, is invalid or void and we do not consider that question.

Petition 2120, as already appears, was filed December 8, 1924, which was within 60 days after liquidation. It was, therefore, under the last-mentioned amendment, timely.

It follows that the board erred in dismissing that petition for the reason stated by it and its judgment must be reversed.

As to all the other petitions no liquidations have been had. The collector has not assessed any additional duties. There is, therefore, no foundation for these petitions. They were prematurely filed and should be dismissed without prejudice.

The foregoing conclusion renders it unnecessary to consider any other of the questions discussed on argument.

It follows that the judgments of the Board of General Appraisers in petitions 2180–R, 2298–R, 2290–R, and 2248–R are reversed and the cases remanded with direction that the petitions be dismissed without prejudice to the right to file others later.

Its judgment in petition 2120–R is reversed and the case remanded with direction to determine the issue upon the merits.

*Reversed* and *remanded.*