UNITED STATES *v.* BRODY & CO. (No. 2585)[1]

PETITION FOR REMISSION—TIMELINESS—BOARD'S RULE.

Petition for remission of additional duty imposed for undervaluation in entry, under section 489, Tariff Act of 1922, was filed in violation of the board's rule (XXXVI) that it must be filed within 60 days from the date of final appraisement. In *Klein, Messner Co. v. United States,* 13 Ct. Cust. Appls. 273, T. D. 41212, this rule was held void. Consequently, there was no time limit for the filing of the petition. *Woolworth Co. et al. v. United States,* 14 Ct. Cust. Appls. 81, T. D. 41583, decided concurrently herewith. The fact that it was also in violation of an amendment to the rule, made after its filing, permitting it to be filed within 60 days after final liquidation, does not alter the case. The board's denial of the motion to vacate the remission order is affirmed.

United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 48608

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument October 5, 1925, by Mr. Hoppin and Mr. Tompkins, and January 21, 1926, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

On September 6, 1924, appellee filed a petition under section 489 of the Tariff Act of 1922 for the remission of additional duties. The merchandise upon which the additional duties were levied was entered on September 9, 1923. The appraisement of the goods was reported to the collector on May 28, 1924, and notice of the appraisement was sent to the importer on May 31, 1924. The entry was liquidated June 24, 1924. On January 28, 1925, the Board of General Appraisers granted the petition. On March 17, 1925, the Government, appellant, filed with the Board of General Appraisers a motion to vacate the order for the remission of additional duties.

The motion was based on the ground that the petition for remission was not filed "within 30 days from the date of final appraise-

---

[1] T. D. 41585.

ment," in accordance with the provisions of Rule XXXVI of the Board of General Appraisers.

It appears that Rule XXXVI was first announced November 17, 1922, and provided for filing of petition within 30 days from the date of final appraisement. By the amendment of December 20, 1922, "60 days" was substituted for "30 days" provided for in the original rule.

Rule XXXVI, T. D. 39312, in force at the time of filing the petition for remission (June 6, 1924), provided that it must be filed "within 60 days from the date of final appraisement." This rule was amended so as to provide that such petition for remission must be filed "at any time after final appraisement, but not later than 60 days after final liquidation," and, as amended, was duly promulgated on November 5, 1924, T. D. 40464.

The affidavit supporting the motion states that at the time of filing the motion Rule XXXVI had been amended so as to provide that petitions for remission might be filed *within 60 days after final liquidation.* In the motion the Government points out that the petition for remission was not filed within the time allowed by either the original or the amended rule.

The Government has appealed from the decision of the board denying the motion to vacate the order, and here points out that the petition was not filed within the time allowed by either the rule in effect at the time the petition was filed or the rule as amended on November 5, 1924.

The Government argues that the rule is mandatory and that no representative of the Government could waive the time of filing the petition.

This case has been argued and reargued in this court, and original and supplemental briefs have been filed by both parties litigant. Most of the arguments and briefs have been devoted to the proposition of law stated in the aforesaid contention of the Government. We find that it is not necessary in this case to pass upon this question in so far as we conclude that at the time of filing the petition there was no valid rule limiting the time within which such petitions should be filed.

In *Klein, Messner Co.* v. *United States,* 13 Ct. Cust. Appls. 273, T. D. 41212, this court held that Rule XXXVI of the board requiring petitions for remission of additional duty to be filed *within 60 days from the date of final appraisement* was unreasonable, contrary to the statute, and void.

Since there was no valid rule in force and effect upon the date of filing the petition limiting the time within which the petition for remission should be filed, the Board of General Appraisers properly

overruled the motion of the Government to vacate the judgment granting the petition.

The judgment of the Board of General Appraisers is *affirmed*.