UNITED STATES *v.* FINKELSTEIN & KOMMEL (No. 2801)[1]

United States Court of Customs Appeals, April 16, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellees.

[1] T. D. 42155.

[Oral argument October 8, 1926, by Mr. Igstaedter and Mr. Place]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is a petition by importers for remission of additional duties under section 489 of the Tariff Act of 1922, the material part of which we quote:

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. Such additional duty shall apply only to the particular article or articles in each invoice that are so advanced in value upon final appraisement and shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, and shall be limited to 75 per centum of the final appraised value of such article or articles. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

Upon the making of such order or finding, the additional duties shall be remitted or refunded, wholly or in part, and the entry shall be liquidated or reliquidated accordingly. * * *

The petition was filed with the Board of General Appraisers, now the United States Customs Court, April 23, 1923. It was heard by Board 1 thereof December 18, 1925, which, on May 7, 1926, entered judgment granting the petition.

June 7, 1926, the Government filed in the First Division of said Customs Court (the title of the Board of General Appraisers and the subdivisions thereof having been changed by statute) a motion to vacate the judgment and dismiss the petition on the ground that—

the entry covered by the petition was not liquidated at the time that the petition was filed nor at the time the order granting relief was made. The said petition was filed prematurely and this court was without jurisdiction to grant the same.

In support of the motion, *Woolworth* v. *United States*, 14 Ct. Cust. Appls. 81, T. D. 41583, was cited. June 14, 1926, the First Division of the Customs Court entered judgment·denying the motion without giving any reason therefor. The Government appealed to this court.

Importers admit that there had been no liquidation of the entry in the case either at the time the petition for remission was filed or when the judgment granting the same was entered. No question is made as to the decision of the board on the merits of importers' claim for remission. The record does not show the character of the merchandise or the paragraph under which it was classified.

The *Woolworth* case, *supra*, involved the question of whether a rule of the board requiring all petitions for remission to be filed within 60 days from the date of final appraisement was valid. We held it was void; that importer could not, by a rule of the board, be required to file such petition before liquidation, that being the earliest time when additional duties could be assessed. The same view was expressed in *Brody* v. *United States*, 14 Ct. Cust. Appls. 90, T. D. 41585.

Both these cases were rested upon the rule of *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273. In that case it was pointed out that section 489 contained no express grant of authority to the board to provide by rule the time within which such petitions might be filed; and the conclusion was reached that the rule of the board then in effect requiring them to be filed within 60 days from the date of final appraisement was void, because the statute contemplated that they should be filed after, and not before, liquidation.

It is claimed by the Government that our conclusion in the *Woolworth* case rules this and requires a reversal of the judgment below. Importers contend that the *Woolworth* case is in conflict with the views of the Supreme Court in *United States* v. *Fish*, 268 U. S. 607. This contention makes necessary an examination of that case.

Of course we have no disposition to disregard any decision of the Supreme Court, but we are satisfied that the contention of importers does not find support in the opinion of that court in the *Fish* case. It becomes important, therefore, to know just what were the issues there. As appears by our opinion in *Fish* v. *United States*, 12 Ct. Cust. Appls. 307, the importer had petitioned the board for remission of additional duties under section 489, and this petition, on the merits, the board denied; but no question as to when the petition might, or must, under the statute or rules of the board, be filed with it was presented to, or discussed by, the board.

Importer appealed, claiming only that the board had erred in its decision on the merits, following which and in this court, the Government moved to dismiss the appeal on the ground that the statute gave no right therefor, and that this court therefore was without jurisdiction to entertain the same.

The petition to dismiss and the appeal were heard together here. The former was denied. The latter was found to be well taken and the judgment below was reversed and the cause remanded.

Thereupon the Government filed its petition for a writ of *certiorari;* and, under the applicable statute, the case was removed to the Supreme Court and decided there in *United States* v. *Fish, supra.*

As indicating the issues before that court it may be noted that, in the brief supporting the petition for the writ, the issue was stated by the Government to be:

Has the Court of Customs Appeals jurisdiction to entertain appeals from decisions granting or denying petitions for the remission of additional duties filed under section 489 of the tariff act of 1922?

The brief in support of the petition for the writ was directed wholly to the discussion of that question. It also appears, from its brief used when the case was finally heard in the Supreme Court, that therein the Government again stated the issue in the identical language employed in its brief supporting the petition. Therein it discussed only that issue, with the exception that it contained an argument designed to meet that of importer that our judgment in the case was not final because we had reversed the judgment below and remanded the case for further proceedings, and its brief concluded:

The decision of the United States Court of Customs Appeals should be vacated and set aside as void for want of jurisdiction.

The brief of the defendant in the Supreme Court was principally devoted to the consideration of the jurisdictional question. It was also stated therein that the petition for remission was filed with the board before the entry had been liquidated, which, it was argued, was not within the implication of section 489 because, until liquidation, it was not determined whether there were any additional duties.

When the *Fish* case was decided in this court, it was so obvious that the important question presented for decision was whether we had jurisdiction to review the judgment of the board in remission cases that we did not consider the existence, effect, or legality of any rule of the board fixing the time within which such petitions should be filed with it, its authority to make any such rules, or whether section 489 limited the time within which such petitions should be brought. No rule of the board is referred to by the Supreme Court in its decision in that case, nor is any opinion expressed as to the power of the board to adopt and enforce a rule on that question. Indeed, whether or not any such rule existed, or its provisions, was not relevant to the issues before it.

The court first discussed the jurisdictional question, held against the Government, and then proceeded as follows:

But it is said that this decision of the Board of Appeals is not a final decision, and that only final decisions are subject to review by the Court of Customs Ap-

peals. Section 195 refers to final decisions; section 198, to decisions. But even if the language of section 195 is to prevail, we think that under section 489 the decision of the Board of General Appraisers as to increase or decrease of duties is final, so far as the board is concerned. Such a decision under section 489 can not take place until there is a final appraisement, because until that time there is no opportunity to determine whether the 1 per centum clause applies. But it is said that the decision is not really final until after the liquidation by the collector, and that liquidation in this case has not taken place. We do not think that the liquidation by the collector of the duties in such cases constitutes the final decision subject to appeal. Section 489 itself shows that the final decision of the board on this point may be before or after liquidation. This is not a case analogous to the final judgments in the ordinary practice of appellate courts, in respect to which it is held that cases appealed may not be taken up piecemeal. As the board may make a final decision on the point, we do not see why the Court of Customs Appeals has not jurisdiction at once to consider the ruling of the board, and thus facilitate the ultimate liquidation of the duties if it has not already been completed.

It is claimed that, in the above quotation, the Supreme Court intended to, and did, decide that a petition for remission might be filed before liquidation; therefore, that our decision in *Woolworth* v. *United States, supra*, is in conflict therewith; but we think when the issues actually before that court are carefully considered in the light of certain settled legal principles, it will not so appear. The court did not in terms state when, under the section, a petition for remission might be filed, and failed to mention any particular part thereof that supports the view that it might be filed before liquidation. The section itself does not in terms expressly so declare.

Classification can be made by the collector only, and is necessarily a part of liquidation. There are at least two classes of cases in which it can not be known before liquidation that additional duties will be assessed—(a) where, until classification, no one can know whether specific or ad valorem duties will be taken; (b) where either the entered or appraised value depends upon the conversion of foreign currency, in which case until liquidation it can not be known whether or not the importation was undervalued on entry.

As to (a) section 488 provides that imported merchandise must be appraised; section 489, that additional duties can accrue only when such merchandise is subject to an ad valorem rate of duty and the entered is less than the final appraised value. If specific duties only are assessed, no additional duties can accrue, even though there has been an undervaluation on entry. There are numerous paragraphs in the tariff act, of which paragraph 740 may be cited as typical, providing for the assessment of specific duties on certain articles when in one condition, and for ad valorem duties on the same articles when in another condition. Others, like 1007, provide for both specific and ad valorem duties. The determination of whether specific or ad

valorem duties, or both, shall be assessed is wholly the function of the collector, to be exercised at liquidation.

As to (b), the law, in substance, with certain exceptions, requires that entries shall be accompanied by certified invoices and declarations under oath, in both which, among other things, must be stated the purchase price of each item therein in the currency of purchase. See sections 481 and 484 of the act. We know of no statute or regulation of the Treasury Department that indicates whether the entered value shall be in United States money or in the foreign currency of the invoice. It may be in either. If the former, importer must make some conversion of the foreign invoice currency into our money. If the latter, he makes no conversion. Section 522 provides for the conversion of foreign currency into its equivalent in United States money for the purpose of ascertainment and collection of customs duties. It is wholly the function of the collector on liquidation to make the conversion. *Masson* v. *United States*, 1 Ct. Cust. Appls. 149. If the entered value is stated in foreign currency, what such value is would not be officially ascertained until liquidation. Article 700 of the Treasury Regulations of 1923 provides, with certain exceptions, that the appraisement shall be in the currency of the country of export.

Disagreements often arise between the importer and the collector as to the conversion value of such foreign currency, mainly because of the sometimes great depreciation of foreign currency and its violent and sudden fluctuations. As illustrations see *Fry & Friedsam* v. *United States*, 12 Ct. Cust. Appls. 486, and *Tong & Co.* v. *United States*, 13 Ct. Cust. Appls. 133.

It follows, therefore, that, until liquidation, at least in cases (a) and (b), it can not be known whether additional duties can, or will be, assessed. It is also obvious *that it can not be known in any case* that the collector will assess additional duties until he has actually liquidated and assessed them.

There were, as already appears, but two issues before the Supreme Court in the *Fish* case—first, whether there was a right of appeal to this court from the judgment of the board in remission cases, and second, whether, on the merits, we had reached the right conclusion. As to either of these issues it was not necessary to determine when a petition for remission might be filed with the board.

In considering the force of its opinion as applicable to the issues here, it seems appropriate to revert to language of that court in *Carroll* v. *Lessee of Carroll et al.*, 16 How. 57 U. S. 275, at 286. There the court said:

And therefore this court, and other courts organized under the common law, has never held itself bound by any part of an opinion, in any case, which was not needful to the ascertainment of the right or title in question between the parties.

And further, quoting from an earlier case that—

It is a maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent; other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

It also said that the cases of *Ex parte Christy*, 3 How. 292, and *Peck et al.* v. *Jenness et al.*, 7 Id. 612—

are an illustration of the rule that any opinion given here or elsewhere can not be relied on as a binding authority unless the case called for its expression. Its weight of reason must depend on what it contains.

In the very recent case of *Myers* v. *United States*, decided October 25, 1926, the Supreme Court discussed its earlier opinion in the notable case of *Marbury* v. *Madison* as to the matter of *obiter dictum*. The *Marbury* case was a rule to show cause why a writ of *mandamus* should not issue. The rule was discharged because the court found it had no jurisdiction. In the *Myers* case it was held that certain language used in the earlier one was *obiter dictum* when considered "with reference to the judgment actually reached," and in that connection pointed out that the question apparently decided by the *obiter* was not in issue, was not argued by any counsel contending for that view, and went beyond the claim of counsel for the relator. In this connection see *Cohens* v. *Virginia*, 6 Wheat. 264, 399.

In *Watson* v. *St. Louis I. M. & S. Ry. Co.*, 169 Fed. 942, affirmed without opinion in 223 U. S. 745, the lower court said:

The rule as to what does not constitute a *dictum* is that a decision of a legal proposition within the issues of the case presented and argued by counsel to the court and by the court, *with its reasons therefor*, decided, is not obiter, although the court could have determined the case on other propositions, but elected to settle that proposition. (Italics ours.)

Tested by the rule of these cases, it would seem that, if the quoted language of the Supreme Court in the *Fish* case is to be regarded as deciding that the board by rule may require, or that section 489 contemplates, that petitions for remission may be filed before liquidation, it is *obiter*.

It will be noticed that in the *Fish* case the court did not at all disclose its reasons for saying, "Section 489 itself shows that the *final decision* of the board on this point may be before or after liquidation." We are unable to find from the briefs that any counsel so contended. Before making that statement the court remarked, "It is said that the decision is not really final until after the liquidation by the collector."

The briefs in the case do not seem to make that claim. The nearest approach thereto seems to be this statement in importer's brief:

Under the statute there can be no petition for remission of additional duties before liquidation, for until liquidation it is not determined that there will be any additional duties.

It is difficult to understand how this can mean that the decision of the board was not really final until after liquidation, because it goes no further than to point out that there can be no petition for remission before liquidation. That question was not in issue or argued by the Government in its brief. As appears, the real object of the *certiorari* writ and the purpose of the Government in prosecuting it was to determine whether or not an appeal lay to this court from the decision of the board in remission cases. This issue was determined against the Government. The incidental claim of importer that the judgment of the board was not final, if sustained, would have defeated the object of the *certiorari*, as well as the importer's own appeal to this court, and have relegated the case to the board without any determination of the important issue in controversy.

It should also be noted that the Supreme Court said:

We do not think that the liquidation by the collector of the duties in such cases constitutes the final decision subject to appeal.

The liquidation of the collector is not a decision as to whether or not additional duties shall be remitted or refunded. He has no discretion in the matter, but must refund or remit them if the board makes the order or finding that importer is entitled thereto. His liquidation can be challenged, not by an *appeal* by either party, but *only by a protest* on behalf of importers or American producers under the provisions of sections 514 and 516 of the act. In other words, the Government can never *appeal* from or protest the collector's liquidation, but if *protest* is filed against it and is heard and decided by the board, the Government, as well as the protestant, may appeal to this court. Further than this, a protest is not the process which invokes the appellate jurisdiction of the board or of this court in remission cases; it is by appeal only.

As further indicating that the opinion of the Supreme Court is not to be interpreted as claimed by importers, we also note that therein the court said, referring to the question of whether a decision by the board in remission cases was final, that it—

can not take place until there is a final appraisement, because until that time there is no opportunity to determine whether the 1 per centum clause applies.

But, as already pointed out, in (a) and (b), when the final appraisement is made, it can not be determined whether or not the 1 per centum clause applies, that is, whether or not additional duties will

accrue. This statement of the court therefore means only that the final appraisement is a necessary prerequisite to additional duties, but is not an intimation as to when, after then, the petition for remission thereof must be brought.

Importers suggest that the provision in section 489 that—

Upon the making of such order or finding, additional duties shall be remitted or refunded, wholly or in part, and the entry shall be liquidated or reliquidated accordingly—

supports their contention, urging that the use of the word "liquidated" indicates that petitions for remission should be brought and decided before liquidation. But the first part of the section declares that the additional duties "shall be levied, collected, and paid," and "shall not be remitted nor payment thereof in any way avoided," before it provides for the remission petition, which is some indication that, before that petition can be brought, the additional duties must, at least, be assessed, if not paid. The word "reliquidated" furnishes ground for an equally persuasive argument that it was contemplated that the petition should be brought after liquidation. The provision that such duties shall be "remitted or refunded" further tends to the same conclusion, because refund means to repay, and remit to return or to refrain from exacting a sum previously ascertained or fixed, any of which meanings as applied to "reliquidated," supports the view that Congress intended the additional duties assessed by the collector at a first liquidation should, if the board's decision on the remission petition was in importer's favor, be refunded or not exacted on the subsequent liquidation which necessarily follows such favorable finding. All this leads to the suggestion, that the word "liquidated". as used in this connection in the statute was by way of precaution rather than to indicate the *time* when remission petitions should be brought.

We can not believe that the Supreme Court held, or intended to hold, that, before any additional duties had been assessed, the Board of General Appraisers had jurisdiction to entertain a petition to remit or refund the same, an issue the very nature of which precludes the possibility of a decision thereof before liquidation. If any language of its opinion is susceptible of that construction, we think, in view of the whole case, that it was inadvertently used or was *obiter*.

In *Klein, Messner Co.* v. *United States, supra,* the rule of the board then in force provided that petitions for remission must be filed within 60 days from the date of final appraisement. Not being so filed, the board dismissed the petition in the case. The merchandise was entered as dutiable at a specific rate; and, until liquidation, the importer had no knowledge, or information, and was charged with none, that duty would not be so assessed. After

liquidation, which was more than 60 days after final appraisement, and at an ad valorem rate, the petition for remission was filed. On the Government's motion it was dismissed as too late. In this court the Government admitted that in such cases the result might be that an importer, otherwise entitled to remission, would be deprived thereof, but contended that, nevertheless, it was a hardship which importer must suffer, because the rule of the board was the law.

Considering this, it was said:

This view, if sustained, would result, as pointed out by the importers, that in some cases it would be necessary to file a petition for remission of additional duties before any had been assessed, before it could be known that they would be assessed, and to litigate to a conclusion that issue only to find that it was useless and abortive because the collector at final liquidation had not assessed additional duties.

We can not think that Section 489 contemplates any such result and are of opinion that Rule XXXVI as in effect at the time this petition was filed was unreasonable and beyond the authority of the board to make. To be reasonable a rule must be such as will cover all cases where additional duties may be assessed. The Congress intended to treat all importers alike so far as remission of additional duties was concerned, and any rule of the board which defeats that intent is contrary to law and void.

Authorities in support of that view were cited.

In *Woolworth Co. et el.* v. *United States, supra,* the same rule of the board was under review. It did not, however, appear whether the goods were subject to an ad valorem or a specific rate of duty.

Several petitions for remission were involved, which the board had dismissed as being too late under the rule, saying as to one, "that it was without power to grant relief," evidently assuming that its rule was the law. Again pointing out the injustice of the rule, we said:

It is obvious, as pointed out in the opinion in the *Klein* case, that no importer should be required to file a petition for remission of additional duties until the collector, on liquidation, has assessed the same. It is unreasonable as well as impossible to require a litigant to protest against, challenge, attack, or in any way undertake to impeach a judgment or finding of fact against him until the same has been rendered or found. * * *

* * * The collector has not assessed any additional duties. There is therefore no foundation for these petitions. They were prematurely filed and should be dismissed without prejudice.

We are still of that opinion.

The rule of the board has been changed to provide that a petition for remission *may* be filed at any time after final appraisement, but not later than 60 days after final liquidation. This amendment was made November 5, 1924. It already appears that the petition in this case was filed April 23, 1923, hence the amended rule is inapplicable in this case.

Inasmuch as the court below did not give any reasons for denying the Government's motion to dismiss, we are referred by counsel on both sides to *Beyer* v. *United States*, T. D. 41573, G. A. 9128, *Butler Bros.* v. *United States*, T. D. 41659, and *Weaver* v. *United States*, Abstract 66, 49 Treas. Dec. 1278, as showing such reasons. All these cases involve the question as to whether a remission petition was prematurely filed. We examine them for the purpose of ascertaining if they present any new views on the issue here.

The opinions in the *Beyer* and *Weaver* cases (the latter is not printed in the abstract, but a copy has been furnished us) indicate that they are primarily based upon the belief of the court below that our views, as stated in the *Klein* and *Woolworth* cases, are in conflict with the opinion of the Supreme Court in the *Fish* case. We have already sufficiently considered that matter.

In both the *Beyer* and *Weaver* cases the court below said, referring to section 489:

It requires no act of the collector to determine whether additional duties shall be assessed.

That, of course, is literally true, because the section does not mention that matter; but other provisions of the statute, as already pointed out, do require him to determine certain facts before it can be known that additional duties can be assessed, and in all cases he must assess them.

Discussing whether a petition for remission might be filed before liquidation the opinions state—

it was the right of the petitioner to formally ask to have determined the question of whether additional duties resulting from such advance should be remitted.

This appears to assume a right to file such a petition before liquidation.

If the importer has such a right, it follows that, in order to give any real effect to it, the Government will be compelled thereby to litigate before liquidation the question whether additional duties which have not been assessed shall be remitted or refunded. We have sufficiently discussed this question.

In each opinion it is also said:

The situation presented is very different from one in which the question is which one of several rates of duty shall be assessed on the merchandise. In that case neither the rate nor the amount of duty is fixed until the collector liquidates the entry.

This statement seems to recognize, inferentially at least, that, in certain cases, remission petitions filed before liquidation would be premature, confirming what we have already said upon that question.

In the *Butler* case the writer of the opinion first assumes that our views are in conflict with those of the Supreme Court in the *Fish* case. He then says:

We shall hold that making rules is not prerequisite to exercising the privilege provided by the statute, and we do not believe that any authority to make rules authorizes a rule to put limitations on the availability of the grace of the sovereign or the generosity of the opposite party in interest. Certainly no limitations short of those mentioned in sections 520 and 521 would be valid.

Speaking of the effect of a prematurely filed petition, the opinion continues:

Even if premature when filed, if it remains on the calendar until time to permit filing arrives and is ratified and recognized by petitioner as his act, is it not then a lawful petition, just as prohibited Sunday contracts become valid if ratified by compliance on subsequent week days? * * * We believe that Congress intended to afford honest importers full opportunity to explain their entries, and it is commendable for an honest importer to move, as soon as he discovers his error, and his definite, full, and official information about his error is the notice of final appraisement.

It is unnecessary to particularly comment on this opinion further than to say that it seems to recognize that a petition for remission filed before liquidation is premature, or if not premature, becomes operative only by the "generosity of the opposite party." The suggested applicability of sections 520 and 521 is not involved in this case.

We think these three opinions, in connection with the fact that the court below has amended its rules so that no importer is *compelled* to file a remission petition until after final liquidation, irresistibly lead to the conclusion that the board and Customs Court have found that any rule which compels such petitions to be filed before liquidation is impracticable and unworkable; in other words, is as held in the *Klein* and *Woolworth* cases, unreasonable and void. No doubt the time allowed for filing such petitions after liquidation must, at least, be reasonable in order to be valid.

We are clear that both reason and authority require that the Government's appeal in the case at bar should be sustained and the relief asked granted.

The judgment below is reversed. The cause is remanded with direction to enter an order granting the Government's motion to dismiss the petition for remission without prejudice to the right of the importer to file another after liquidation within the time prescribed by law.

*Reversed* and *remanded.*