UNITED STATES *v.* WILLIAM ALSBERG & CO., INC. (No. 2964[1])

United States Court of Customs Appeals, May 7, 1928

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[1] T. D. 42763.

110

[Oral argument October 5, 1927, by Mr. Igstaedter and Mr. Puckhafer. Reargument April 10, 1928, by Mr. Lawrence and Mr. Puckhafer]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Barber, Judge, delivered the opinion of the court:

This is an appeal by the United States from the judgment of the first division of the United States Customs Court granting a petition for remission of additional duties under section 489 of the Tariff Act of 1922. The appeal was first argued here in October, 1927. *Sua sponte*, we ordered a reargument, which has been had.

Section 489 first provides for the assessment of additional duties upon imported merchandise that is subject to an ad valorem rate of duty, or to a duty regulated by the value thereof, whenever the final appraised exceeds the entered value; also that such additional duties shall not be construed to be penal and shall not be remitted or payment thereof avoided except—

* * * upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

Rule XXXVI of the rules of practice and procedure, promulgated by the nine members constituting the Board of General Appraisers (now the United States Customs Court) in force at the time the petition for remission was filed in this case, referring to such petitions, provides that—

Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof at any time after final appraisement, but not later than 60 days after final liquidation.

The undisputed facts, as established by the record, or agreed to by counsel, are that the merchandise was entered August 16, 1924; it was appraised on or about the 22d day of September following; appeal to reappraisement was filed October 9, 1924; June 19, 1925, judgment was entered affirming the appraised value; April 6, 1926, the entry was liquidated; June 7 following this petition for remission was filed; at the time it was filed the duties had been paid as liquidated; no protest was pending; and the merchandise had been delivered to importer. It thus appears, and it is agreed, that the petition was filed later than 60 days after final liquidation, and so not within said Rule XXXVI.

When the case came on for hearing before the Customs Court the Government filed a motion to dismiss on the ground that the petition was too late

A majority of the first division of that court, one justice dissenting, overruled this motion, proceeded to hear the case upon its merits, and granted the petition.

The majority opinion, written by Justice Sullivan and concurred in by Justice Brown, is primarily based upon the view that the Customs Court was without authority to limit by rule the time within which petitions for remission might be filed, because such limitation was not a rule of procedure, but was attempted legislation, that is, an attempt to establish a statute of limitations by a rule of court, and therefore not within its power. In its opinion the majority called attention to section 521 of the act, and seemed to regard that as containing the statute of limitations governing the case. That section is as follows:

521. Whenever any merchandise has been entered and passed free of duty, and whenever duties upon any imported merchandise have been liquidated and paid, and the merchandise has been delivered to the consignee, or his agent, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the date of entry, or after the expiration of sixty days after the date of liquidation when liquidation is made more than ten months after the date of entry, in the absence of fraud and in the absence of protest by the consignee, or his agent, or by an American manufacturer, producer, or wholesaler, be final and conclusive upon all parties. If the collector finds probable cause to believe there is fraud in the case, he may reliquidate within two years after the date of entry, or after the date of liquidation when liquidation is made more than ten months after the date of entry.

It already appears that the liquidation in this case was had more than 10 months after the date of entry; that the liquidated duties have been paid and the merchandise delivered to the consignee; that such liquidation, payment, and delivery all occurred more than 60 days prior to the date of filing this petition; and there being no pending protest it is obvious that if section 521 fixes the time within which a petition for remission must be filed the one here involved was too late.

Counsel on both sides agree that section 521 does not apply to this case. The Government argues that under section 489, as well as section 518 of the act (and the opinion of McClelland, Justice, dissenting, proceeded upon substantially the same theory) the Customs Court has authority, necessarily implied, to adopt a rule prescribing a time after which such petitions may not be filed which, if reasonable, should be upheld here.

It is unnecessary to quote section 518, but sufficient to say that it gives to the Customs Court power to establish such rules of evidence, practice, and procedure not inconsistent with law as may be deemed necessary for the conduct of its proceedings in securing uniformity in its decisions and in the proceedings of the members thereof.

Importer's counsel, in substance, contends that neither section 489 nor 518 empowers the Customs Court to make and enforce a rule fixing a time after which remission petitions may not be filed. He does not point to any statute of limitation which specifically fixes such time, but admits that there is none. He argues that pending the fixing by the legislative body of the time within which such petitions must be filed, the Customs Court in the first instance, and this court, if necessary, upon appeal, should "determine from the particular facts of each case whether the petition was seasonably or reasonably filed." He agrees with the counsel for the Government that in this particular case 60 days after the liquidation was a reasonable time within which to file the instant petition. In other words, whether Rule XXXVI of the Customs Court governs the issue here, or whether section 521 controls, or whether it be a question for this court as to whether the petition was filed within a reasonable time, counsel upon both sides agree that it was filed too late.

It may be noted in passing that the fact that the petition was filed too late under paragraph 521 does not seem to have been called to the attention of the court below.

In view of what already appears, unless we can invoke some controlling statute or principle of law not presented by counsel, it is obvious that the petition in this case should have been dismissed by the Customs Court. We do not find such statute or principle, and so, without expressing opinion as to whether section 521 or the rule of the Customs Court must be resorted to for a determination of the issue here, or whether it is for the courts to determine in each case whether a petition for remission has been seasonably filed, we conclude that in this case it was filed too late.

It follows, therefore, that the judgment below must be, and it is *reversed* and the cause *remanded* with direction to dismiss the petition.