The judgment of the United States Customs Court is *reversed* as to the pendants and *affirmed* as to the balls.

UNITED STATES *v.* P. V. BRIGHT & Co. (No. 3479)[1]

United States Court of Customs and Patent Appeals, January 25, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Lyman Ward* and *Ralph Folks,* special attorneys, of counsel), for the United States.
Submitted on record by appellee.

[1] T. D. 45468

296

[Oral argument December 10, 1931, by Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal involves but one question, the validity of a rule of the United States Customs Court, which provides the time in which petitions for remission of additional duties must be filed.

On June 3, 1930, the appellee entered at the port of Detroit, Mich., merchandise consisting of sardines. It is admitted that the goods were undervalued. The entry was liquidated on December 2, 1930. Appellee filed a petition for remission of additional duties in the office of the clerk of the United States Customs Court on February 2, 1931, the same having been sent first to the customs authorities at Detroit. The hearing on the petition was had at Chicago on March 24, 1931, when the Government, through its counsel, moved that the petition be dismissed on the ground that it was filed 62 days after liquidation.

Rule 35, adopted by the United States Customs Court on December 17, 1926, applicable to the Tariff Act of 1922 and in force and effect on the date of entry, prescribes the time limit within which petitions for remission of additional duties shall be filed and is in part as follows:

* * * Every such petition shall be addressed to this court and filed in the office of the clerk at any time after final appraisement, but not later than 60 days after final liquidation. * * *

Section 489 of the Tariff Act of 1922, authorizing the remission of additional duties upon petition, is, in part, as follows:

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States. * * *

The lower court, one judge dissenting, held that said rule 35 was in the nature of a statute of limitations and was void, and further held that the filing of the petition was timely. On the merits of the case it was held that the entry of the merchandise was without any intent to defraud the Government or deceive the appraiser, and the appellee's petition was granted.

In view of our conclusions on the first question involved—the validity of the rule—it will not be necessary for us to pass upon the second question—the merits of the case.

We find no case by this court or any other court which presents the exact question here involved.

The entry of the merchandise involved and the undervaluation admittedly took place during the life of the Tariff Act of 1922, and the remission of additional duties proceedings is governed by such act, even though the entry was liquidated on December 2, 1930. *Brown & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 93, T. D. 40026. No brief was filed by the appellee, and the Government does not deny the correctness of this proposition.

This court, in *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212, held Rule XXXVI, as amended December 20, 1922, of the Board of General Appraisers (now the United States Customs Court), which provided that the petition should be filed within 60 days from the date of final appraisement, to be contrary to law and void. The court's decision was based upon the theory that Congress could not have contemplated, as might happen in some instances, that a petitioner should be required to file his petition before liquidation.

In *Woolworth Co. et al.* v. *United States*, 14 Ct. Cust. Appls. 81, T. D. 41583, this court held that a petition for remission, filed before liquidation, was premature and should be dismissed without prejudice. The court held that there was no valid rule of the Board of General Appraisers in force and applicable to such a petition then being considered, inasmuch as this court, in *Klein, Messner Co.* v. *United States*, *supra*, had already held Rule XXXVI, which provided "within 60 days from the date of final appraisement," to be invalid. At the time of filing the petition Rule XXXVI had been amended so as to provide what rule 35 at bar provides—"shall be filed at any time after final appraisement but not later than 60 days after final liquidation." This court stated in its opinion in the *Woolworth* case, *supra*, that the validity of the rule, as amended November 5, 1924, was not under consideration and would not be passed upon.

In *United States* v. *Finkelstein & Kommel*, 15 Ct. Cust. Appls. 62, T. D. 42155, a petition for remission of additional duties had been filed under a rule providing that the petition should be filed within 60 days from the date of final appraisement. The petition was filed before liquidation. This court held that the petition was filed prematurely and should have been dismissed without prejudice. On appeal to the Supreme Court of the United States, the judgment of this court was reversed, *Finkelstein & Kommel* v. *United States*, 275 U. S. 501, and the following language used:

PER CURIAM. Reversed on the authority of *United States* v. *Fish*, 268 U. S. 607, 612; the decision being that §489 of the Tariff Act of 1922 (c. 356, 42 Stat. 858, 962; U. S. C., Title 19, §361) does not forbid the Customs Court to adopt rules of practice permitting the filing of such petitions before liquidation, that it has jurisdiction to consider petitions so filed, and its decision in this case granting the petition was not ineffective for want of jurisdiction.

In *United States* v. *William Alsberg & Co.* (*Inc.*), 16 Ct. Cust. Appls. 109, T. D. 42763, Rule XXXVI, as amended, then in force, was brought before this court for consideration. The petition was filed later than 60 days after final liquidation, which did not comply with the provisions of the rule. The case turned upon the proposition that counsel on both sides agreed that the petition was filed too late and the validity of the rule was not passed upon.

It thus appears that the exact question before us now was not present in any of the cited cases.

In addition to the broad power of adopting "such rules of evidence, practice and procedure not inconsistent with law as may be necessary to the conduct of its proceedings," granted to the Board of General Appraisers (now the United States Customs Court) in section 518 of the Tariff Act of 1922, Congress granted special powers in connection with the special proceeding of remission of additional duties in section 489, *supra*. It was provided that such additional duties might be remitted "*upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe.*" (Italics ours.)

We think the term used by Congress in section 489 authorized the board to prescribe a reasonable rule fixing the time within which the petitioner should be required to file his petition.

The Government has pointed out that Congress, in section 489 of the Tariff Act of June 17, 1930, has changed the language which appeared in the predecessor paragraph of the Tariff Act of 1922 by providing specially that the petition should be filed "at any time after final appraisement and before the expiration of sixty days after liquidation," which is substantially in the same language as the rule now under consideration, and urges the pertinency of a consideration of this fact as pointing to what Congress regards as a reasonable time. What the Congress which enacted the Tariff Act of 1930 may have thought was a reasonable time has little, if any, bearing on the question of what was a reasonable time limit under the old act.

The rule before us permits the petitioner to file his petition after final appraisement and before liquidation, and he may file it within 60 days after final liquidation. We can see no reason why this is not a fair, proper, reasonable, and valid rule and hold it so to be.

Since it is agreed that the petitioner did not comply with the terms of the rule, the petition should have been dismissed. The rule was definite in its terms, and compliance with such terms should have been required.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings not inconsistent herewith.