BEFORE THE SECOND DIVISION, NOVEMBER 10, 1953

**No. 57606.**—Ford Motor Company v. United States, petition 6939–R (Detroit)

FORD, Judge: This petition, praying for the remission of additional duties incurred by reason of undervaluation of certain imported merchandise on entry, was filed under the provisions of section 489 of the Tariff Act of 1930.

The merchandise involved consists of rough gray iron castings dedicated for use as automobile manifolds, imported by petitioner herein from Ford Motor Company of Canada, Ltd. Patterns produced in the United States at a cost of $40,100 were shipped by petitioner to the Ford Motor Company of Canada, Ltd., for use in manufacturing the castings herein. The merchandise was appraised on the basis of cost of production. In making entry of these castings, petitioner did not include the cost of the patterns which it had furnished to the Ford Motor Company of Canada, Ltd. In arriving at a value for this merchandise, the appraiser included, as a part of the value, the cost of these patterns.

The record shows that prior to making entry, petitioner herein consulted with the customs officials at the port of entry, making clear to them its contention that the cost of these patterns should not be included as a part of the cost of production of the imported merchandise, furnishing to said customs officials the cost of producing the said patterns. The action of the appraiser in including as a part of the cost of production the cost of the patterns was approved by this court in *Ford Motor Company* v. *United States*, 29 Cust. Ct. 553, A. R. D. 9.

In this case, there was only one issue between the petitioner and appraiser, whether or not the cost of the patterns used in the manufacture of the castings should be included as a part of the cost of production. On that one question, the petitioner advised the appraiser the amount of the cost of producing the patterns, which it insisted was not to be included as a part of the cost of production. The fact that petitioner was not successful in its reappraisement case furnishes no reason for denying remission of additional duties in this proceeding where, as here, the record shows that the importer exercised what is, under the circumstances of this case, absolute good faith in making its entry, and fully and candidly disclosed to the appraiser all the material facts bearing upon the value of the merchandise. *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339.

In the *Syndicate Trading Co.* case, *supra*, the Court of Customs Appeals observed:

\* \* \* It is clear that Mr. Arnold desired, as he had a right, to test the legality of the appraisal and the adverse decision by the appraisement board does not deprive importer of its right to a remission of additional duties.

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273; T. D. 41212.

We are clear that in this case importer has discharged the burden thus cast upon him and are at a loss to know upon what theory the Board of General Appraisers could reach the conclusion it did.

\* \* \* \* \* \* \*

The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.

Upon the facts in this case, we are satisfied that petitioner in entering its merchandise at a value less than that returned upon final appraisement acted in absolute good faith and that there was no intention on its part to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the true value of the merchandise.

The petition is therefore granted. Judgment will be rendered accordingly.