UNITED STATES *v.* VINCENT DE MESSIMY (No. 3003[1])

---

[1] T. D. 42781.

United States Court of Customs Appeals, May 21, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

*C. E. Loehle* for appellee.

[Oral argument May 8, 1928, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

In October, 1925, the petitioner in this case filed with the Board of General Appraisers (now the United States Customs Court) a petition for the remission of additional duties under section 489 of the Tariff Act of 1922. The record of the proceedings on that petition, which is embodied in the record before us, shows that after hearing the testimony of the petitioner in support of his petition the second division of the United States Customs Court, in its judgment rendered July 23, 1926, denied the petition on its merits. No appeal was prayed or allowed from that judgment.

On November 21, 1926, the petitioner filed another petition for remission with the United States Customs Court, asking for remission of the same additional duties, remission of which was requested in the petition first herein referred to. This petition was heard by the first division of the United States Customs Court. When it came on for hearing counsel for the Government moved that it be dismissed on the ground that the decision on the earlier petition was *res adjudicata* of the issues in the later one. Decision on this motion was temporarily suspended, and the petitioner again gave testimony not especially different in legal effect from that given by him on the hearing on the former petition. The first division of the Customs Court entered judgment granting the petition on the merits.

In its opinion the court said:

It appears that the previous petition was dismissed for the reason that it was filed before the liquidation of the involved entry, following *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212.

And somewhat further discussed the case on that assumption. It did not refer to the evidence before it further than to say: "We find that this petition is supported by satisfactory evidence, and it is therefore granted." The United States appealed from that judgment to this court and here relies upon the claim that the judgment rendered on the first petition was *res adjudicata* of the issue here. The importer did not appear in this court when the case came on for argument and has filed no brief.

If it were true, as assumed by the Customs Court, that the first petition was in fact dismissed because premature a different issue would be presented. The second division of the Customs Court had jurisdiction of the case when the first petition was filed; the petitioner appeared and litigated with the Government the issues involved; judgment on the merits was entered denying the relief prayed for; this judgment had become final before the instant petition was brought. Under such a state of facts the doctrine of *res adjudicata* may be invoked. *Johnson Co.* v. *Whorton,* 152 U. S. 252.

We do not overlook the fact that it is settled law in cases involving the *classification* of imported merchandise that the judgment as to such classification in one case is not *res adjudicata* of the same issue in a later one involving like merchandise. *United States* v. *Stone & Downer Co.,* 274 U. S. 225.

But the issue here is vastly different than that in classification cases. Importer has been assessed with additional duties based upon the fact that he undervalued his importation upon entry, which additional duties he seeks to recover under said section 489 by showing, as is therein required, that—

the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The essence of the question raised by petitions for remission under said section is whether or not the importer in undervaluing his goods in his entry *was acting in absolute good faith.* *United States* v. *North American Mercantile Co.,* 14 Ct. Cust. Appls. 68, T. D. 41578. In classification cases the question is, Under what paragraph, as matter of law, shall the merchandise be classified, in view of the facts? The difference between the issues in the two classes of cases is obvious, and it is clear that the reasons which have led the courts to hold that in classification cases the doctrine of *res adjudicata* does not apply do not exist in remission cases. It follows that the court below should have granted the motion of the Government. The judgment below is therefore *reversed* and the cause *remanded* with directions to dismiss the petition.