UNITED STATES *v.* DAIMON RAIKE & Co. (No. 3258)[1]

United States Court of Customs and Patent Appeals, January 27, 1930

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *James R. Ryan*, special attorneys, of counsel), for the United States.
*Curtis E. Loehle* for appellee.

[Oral argument December 6, 1930, by Mr. Ryan and Mr. Loehle]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The Customs Court granted two petitions of appellee for remission of additional duties assessed by the collector of customs at the port of Chicago upon importations of hardware entered at that port in 1926, and the Government has appealed to this court.

Petition 4240–R covers the additional duties assessed upon 16 cases of wrenches. Petition 4241–R relates to additional duties upon two cases of braces. They were consolidated and heard together by the court below and, apparently, stand upon the same general basis.

Appellee is engaged in the business of importing light tools and hardware, having a place of business at Chicago, Ill., and also an establishment at Montreal, Canada. In 1926 it purchased 51 cases of wrenches and 20 cases of braces from a manufacturer in Germany and had them shipped to Montreal. Upon arrival at Montreal 49 of

the 51 cases of wrenches and all the cases of braces were placed in a bonded warehouse existing under the laws of Canada. The two remaining cases of wrenches were entered for consumption in Canada and duty paid upon them under Canadian laws.

Subsequently 16 of the cases of wrenches and 2 of the cases of braces were taken from the bonded warehouse in Canada and shipped to Chicago, no duty having ever been paid upon them in Canada.

The merchandise having been manufactured in Germany and originally exported from there, the importer, when it came to enter it in the United States, did so at what is agreed was the German export value on the date of its shipment from Germany. The entry appears in fact to have been made by a firm of brokers acting for the importer and under the latter's direction and instructions as to the values to be given.

In the instance of the wrenches the entire lot of 51 cases containing several hundred dozen individual articles seems to have been purchased from the German manufacturer as a job lot and at a lump sum price of $2,850. This being less than the regular German export value, which appellee claimed was applicable, it made up a value for the purpose of entry of the 16 cases brought to Chicago, based upon or taken from prices paid in prior transactions, relating to the same character of merchandise, and made entry accordingly.

When the examiner of merchandise at the Chicago port came to pass upon the entries he observed from the papers that the shipments had come immediately from Canada and not directly from Germany. These papers, or some of them at least, showed that originally the shipments were from Germany to Canada. The importer was asked for an explanation and gave it, stating that the merchandise had been first shipped to Montreal and thence to Chicago. Holding that under these circumstances the law required appraisal at the Canadian values rather than at the German export values, the values as entered by the importer were advanced and appraisement made at the advanced values. Notice of this advance in value was given the importer, who appealed to reappraisement. The single justice of the Customs Court, sitting in reappraisement, held the German export value to be the proper appraisable value. Upon review, the Third Division of the Customs Court reversed the decision of the single justice and held that the merchandise was an importation from Canada and that it should be appraised at the advanced value as fixed by the appraiser. The correctness of this decision is not before us.

The additional duties herein complained of were assessed under section 489 of the Tariff Act of 1922, and appellee filed petition for their remission, claiming that the entry values given by it were given without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the

appraiser as to the value of the merchandise. This question of remission is the sole question presented to us for determination.

The petition for remission was first heard before the Third Division of the Customs Court and was denied, the court stating:

> After a careful examination of the record in this case we are not satisfied that the petitioners have met the requirements of Section 489 of the Tariff Act of 1922.

A motion for rehearing was made and granted and further testimony was taken. The rehearing was had upon the elaborated record before the First Division of the Customs Court and, through Mr. Justice McClelland, that division held:

> On the fuller record made on this rehearing it is satisfactorily established that entry at less than the final appraised values was made without intent to defraud, and therefore the petitions are granted.

We have examined the record in this case, and the various authorities cited in the respective briefs, with care and we see no reason to disagree with the last-quoted finding.

It is provided by section 489 of the Tariff Act of 1922 that, in order to secure a remission of additional duties assessed, because of undervaluation upon entry, the importer must show that—

> * * * the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

In *United States* v. *Vincent De Messimy*, 16 Ct. Cust. Appls. 150, 152, T. D. 42781, we said:

> The essence of the question raised by petitions for remission under said section is whether or not the importer in undervaluing his goods in his entry was acting in absolute good faith.

In *United States* v. *North American Mercantile Co.*, 14 Ct. Cust. Appls. 68, 69, T. D. 42781, we said, citing several authorities:

> It was incumbent upon the petitioner to establish by satisfactory evidence that in undervaluing his goods in his entry he was acting in absolute good faith, and that he was there making a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

There is, as was stated by the court below, little, if any, dispute about the facts of the instant case.

There is no claim that the values at which the merchandise was entered did not correctly represent the German values which would have been applied had the shipment come directly from Germany. Importer took the position that inasmuch as the goods, while in Canada, remained in a bonded warehouse they never entered into the commerce of Canada and they should have been treated as though they had been imported directly from the place of purchase. This presented a question of law as to which one of two values it should have been entered at—the German or the Canadian.

It seems to us that importer had the clear right to have a court decision upon this question of law and that in taking the course which brought about its determination there is no evidence of lack of good faith.

The importer presented testimony which evidently satisfied the court below, and which satisfies us, that the entry was without any intention to defraud or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

It is not deemed of importance to review the testimony in the case. The finding below is, we think, in accordance with the weight of the evidence. The decision of the Customs Court is therefore *affirmed.*