BEFORE THE THIRD DIVISION, OCTOBER 6, 1939

**No. 42304.**—Petition 5845–R of S. Lisk & Bro. (New York).

Opinion by EVANS, J. From the record it was found that the importer tried in every way to cooperate with the customs officials and that there was no intention to deceive or defraud the Government of its revenue. The petition was therefore granted.

**No. 42305.**—Petition 5821–R of Primitivo Grau (San Juan).

Opinion by EVANS, J. Section 489, Tariff Act of 1930, not having been complied with, the court dismissed the petition.

**No. 42306.**—Petition 5854–R of National Publishing Co. (Ogdensburg).

Opinion by EVANS, J. On the authority of *United States* v. *De Messimy* (16 Ct. Cust. Appls. 150, T. D. 42781) the petition was dismissed.

**No. 42307.**—Petitions 5816–R, etc., of Sucesores de San Miguel Hermanos, S. en C. (San Juan).

Opinion by EVANS, J. The court took into consideration the fact that San Juan, the port of entry, is so situated that it is difficult to gather information from sources which are readily available on the mainland, and that the importer must necessarily rely on the accuracy of the invoice statements. It was found there was no intention to deceive or defraud the revenue of the United States. The petitions were therefore granted.

**No. 42308.**—Protests 87067–G, etc., of Geo. S. Bush & Co., Inc., et al. (Seattle).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Abstract 41147 and *Wilbur-Ellis* v. *United States* (C. D. 153) the fish meal in question was held free of duty under paragraph 1583 as claimed.

**No. 42309.**—Protests 618022–G, etc., of Roethlisberger & Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of Edam and Gouda cheese from Holland the same as that the subject of Abstract 42146. It was therefore held that an allowance should have been made in the weight to compensate for the inedible covering on the outside of the cheese.