BEFORE THE THIRD DIVISION, JULY 30, 1943

No. 48609.—Petition 6240–R of Maurice Lipton (Honolulu).

ORDER

CLINE, Judge: This is a petition for remission of additional duties filed under the authority in section 489, Tariff Act of 1930. When the case was called for trial, counsel for the respondent moved to dismiss the petition on the ground that it was not filed within the time prescribed by the rules of the court. The pertinent parts of section 489 read as follows:

SEC. 489. * * *. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed · at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *.

The rule of the United States Customs Court, with respect to the filing of petitions for remission, published in T. D. 48593, reads in part as follows:

29. REMISSION OF ADDITIONAL DUTIES.

*      *      *      *      *      *      *

Every such petition shall be addressed to the court, and filed in the office of the clerk in New York City at any time after final appraisement, but within 60 days after liquidation. The petition shall set forth in concise form the relief sought and the facts desired to be proved at the hearing before the court. A copy thereof shall be filed with the collector of the port where the case arose, and the collector shall immediately, upon receipt of such copy, forward the invoice, entry, and all other papers connected therewith to the clerk of the court. Notice of such filing, together with a copy of the petition, shall be served by the petitioner on the Assistant Attorney General in charge of customs litigation within five days after such filing.

The entry in the case herein involved bears a stamp showing that it was liquidated on August 25, 1941 and the petition for remission bears a stamp showing that it was received by the collector of customs at Honolulu on October 24, 1941 and another stamp showing that it was filed with the clerk of the United States Customs Court on November 27, 1941. The petition was therefore filed with the collector on the 60th day after liquidation and with the court on the 94th day after liquidation.

Counsel for the respondent cites United States v. Bright & Co., 19 C. C. P. A. (Customs) 295, T. D. 45468, wherein a petition for remission of additional duties was held to be untimely when it was filed with the clerk of the court on the 62nd day after liquidation. In that case, as shown in the decision below (60 Treas. Dec. 104, T. D. 45034), the entry was liquidated on December 2, 1930, and the petition bore a stamp showing that it was filed with the collector of customs at Detroit on January 31, 1931, and it bore another stamp showing that it was filed with the clerk of the United States Customs Court on February 2, 1921. The petition was filed with the collector within the 60-day period but it did not reach the court until 62 days after liquidation. The merchandise in that case was imported while the Tariff Act of 1922 was in force and section 489 of that Act did not contain the phrase "filed at any time after final appraisement and before the expiration of sixty days after liquidation," which is contained in section 489

of the Tariff Act of 1930. The rules of the court in force at that time (Rule 35, T. D. 41941) provided in part as follows:

Rule 35. * * *. Every such petition shall be addressed to this court and filed in the office of the clerk at any time after final appraisement, but not later than 60 days after final liquidation.

The trial court held that the enactment of a statute of limitations in the court rules, without the authority of Congress, was void. On appeal, however, the decision was reversed, the court saying:

We can see no reason why this is not a fair, proper, reasonable, and valid rule and hold it so to be.

Counsel for the petitioner, in his brief, cites *United States* v. *Savings Bank*, 104 U. S. 728. That case involved a construction of section 3228 of the Revised Statutes which provided that claims for the refunding of any internal revenue taxes or penalties "must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued * * *." The regulations promulgated under the authority of that section provided that claims for the refunding of taxes erroneously assessed and collected should be presented through the collectors of the respective districts. The claim in that case was presented to the Collector of Internal Revenue in time to have it reach Washington by due course of mail within the 2-year limitation, but it was retained by the collector a few days for investigation and did not reach the Commissioner in Washington until 7 days after the 2-year period expired. The court held that the claim was filed in time, saying:

The effect of the regulation was to designate the office of the collector of internal revenue as a proper place for the presentation of the appeal.

Counsel for the petitioner claims that rule 29 is void because it provides that the petition shall be filed with the clerk of the United States Customs Court rather than with the collector in the district where the duty was paid, as in the case of protests and appeals to reappraisement, which Congress provided shall be filed with the collector, and that, as the instant petition was timely filed with the collector at Honolulu, it should be considered as filed within the time prescribed in the law. The trouble with that contention is that the collector of customs is not designated in the statute as the officer to whom petitions for remission should be presented. Neither the rules of the court nor article 868 of the Customs Regulations of 1937 designate that officer as the receiving agent for the court. As there is no officer, other than the clerk of the court, designated in the statute, the rules of the court, or the Customs Regulations, to receive such documents, we are of opinion that the above-cited decision of the United States Supreme Court, which rested on the designation of the collector of internal revenue as the proper person for the presentation of the appeal, is not controlling in this case.

The petitioner cites also *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212, and quotes the following statement from that decision:

The Congress intended to treat all importers alike so far as remission of additional duties was concerned, and any rule of the board which defeats that intent is contrary to law and void.

The rules of the court under consideration in that case (Rule XXXVI, as amended in T. D. 39370) provided that a petition should be filed within 60 days after final appraisement. The petition in that case was filed within 60 days after liquidation but not within 60 days after final appraisement. The Board of United States General Appraisers (now the United States Customs Court) dismissed the petition on the ground that it was not filed within the time prescribed by the rules. That decision was reversed by the appellate court and it was held that the rule was not reasonable because the additional duties were not assessed

until final liquidation. Counsel for the petitioner in the instant case argues that the above quotation from the decision in *Klein, Messner Co.* v. *United States, supra,* is applicable to the present rule because all petitioners are not treated alike; that those in New York have 60 days after liquidation to file petitions while the time for those in Honolulu, or other distant points, is reduced, depending on the length of time it takes to transmit petitions through the mail from the port of entry to the United States Customs Court at New York; that, in order to treat all petitioners alike, the rule should permit petitions for remission to be filed with the collector of customs, thus extending the time of all petitioners throughout the country and far distant ports to 60 days after liquidation.

The above argument would have some force if it were not for the fact that the rules of the court promulgated under the Tariff Act of 1922 provided that petitions for remission should be filed with the clerk of the court in New York. Congress reenacted section 489 and made no change with respect to where petitions should be filed, evidently being satisfied with the rule of the court providing that they shall be filed with the clerk of the court in New York.

We are of opinion that the petition in the instant case was filed too late and the motion to dismiss the same is hereby granted, exception being granted to the petitioner.