(C. D. 967)

SAMUEL S. PERRY *v.* UNITED STATES

United States Customs Court, First Division

(Motion denied November 19, 1945)

*Philip Stein* for the petitioner, against the motion.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the respondent, for the motion.

Before OLIVER, COLE, and MOLLISON, Judges; MOLLISON, J., not participating

COLE, Judge: The petitioner, invoking the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1489) for the remission of additional duties assessed by reason of the final appraised value exceeding the entered value of a shipment of merchandise from Mexico, is a firm of importers having its principal place of business in San Francisco, Calif. The port of entry was El Paso, Tex., where the case was heard.

Immediately upon the call of the petition at a regularly assigned docket at El Paso, an oral motion to dismiss was entered by the Government on the ground that the petition was untimely. While we are of the opinion that such motions, in the interest of orderly procedure and expeditious consideration of litigation by this court, should be in writing as provided for under rule 9 (paragraph 3) of the current rules of this court and that a definite time therefor might readily be provided, the motion will be considered on its merits because the reasonableness of a rule of this court is involved.

The facts, concededly correct so far as dates are concerned, are concisely set forth in the brief of counsel for petitioner. There may be some statements therein, as to what petitioner did on this or that particular day, that perhaps go beyond the concession of Government counsel, but being statements of a reputable attorney before this court in oral argument, we accept the same as sufficient factual basis for the disposition of the pending motion, and quote therefrom, free from underscoring, the following:

\* \* \* the entry involved was liquidated at the Port of El Paso on November 10, 1944. For convenient reference it is to be noted that sixty days thereafter would be January 9, 1945 (Tuesday).

The Petitioner is a firm of importers having its place of business at San Francisco, California. The original petition was sworn to on January 4, 1945 (Thursday) at San Francisco, by a partner member of the firm (who had been out of the country on business until the date of signing the petition) and forwarded by him to the office of counsel for the petitioner, at Los Angeles, who received it there on January 6, 1945 (Saturday). Counsel for the petitioner, immediately on its receipt by him at Los Angeles on Saturday, January 6, 1945, forwarded the original and a copy of the petition by airmail, together with a letter of that date, in an envelope properly addressed to the Clerk of the Customs Court at New York, and personally deposited same at the main Los Angeles Post Office on that date. The letter advised the clerk in substance that in order to be filed with the Court within sixty days after liquidation, the petition must be received by the Court at New York not later than January 9th (Tuesday), and that it was being sent by airmail accordingly. The Clerk was also advised therein that copies of the petition and letter were being forwarded simultaneously by airmail to the Assistant Attorney General at New York, counsel for the United States, Respondent, and a copy of the petition by regular mail to the Collector of Customs at El Paso. (The original letter of January 6th, and envelope of counsel for the petitioner, showing the postmark and airmailing at Los Angeles on January 6th, as above referred to, is part of the official records of the Court in this case.)

The Clerk of the Court, in a letter dated at New York on January 10th (Wednesday) sent by regular mail, and received by counsel for the petitioner in Los Angeles on January 15th (Monday, five days later), advised counsel herein that the original and copy of the petition and counsel's airmail letter of January 6th had been received and the original filed; that the date of filing and the petition number had been stamped on the duplicate copy of the petition returned therewith for the files of counsel for the petitioner. However, copy of the petition returned to counsel bore the Court's receipt stamp thereon dated January 10, 1945 (Wednesday), which was four days after airmailing from Los Angeles, that being sixty-one days after liquidation.

Immediately on receipt, on January 15, 1945 (Monday), of the aforesaid letter containing receipted copy of the petition from the clerk, which took but five days by regular mail from New York, counsel for the petitioner the same day answered by airmail with a letter to the clerk of the Court inquiry, in effect, whether the petition forwarded by counsel to the Court from Los Angeles on January 6th by airmail, had been improperly stamped by the clerk with the date of January 10th, which would appear to be the date following the day of receipt. Counsel also pointed out in the letter that in the ordinary course of airmail, the letter of January 6th should have reached New York two days earlier than stamped by the Court with the date of receipt, or allowing even an extra day for possible unusual delay, at least one day earlier (on the 60th day after liquidation), as reasons why the petition should be considered as having been timely filed.

It should be noted that this airmail letter of counsel for the petitioner to the Clerk of the Court at New York, was dated and postmarked at Los Angeles on January 15th (Monday), and reached the Clerk at New York, only three days later. This is established by the fact that the clerk of the court in turn acknowledged it, and replied to it on January 18th (Thursday) via airmail. This reply of the clerk took even less time to cross the country since it was postmarked at New York on January 18th at 8 p. m., (Thursday), and was delivered to counsel for the petitioner in Los Angeles on January 20th, (Saturday), at 9:00 a. m. (1½ days later).

In his airmail reply of January 18th to counsel for the petitioner, the clerk of the court advised that on checking with the Office of Assistant Attorney General, the clerk found that the copy of counsel's letter of January 6th from Los Angeles to the clerk at New York enclosing the copy of the petition sent direct by counsel to the Assistant Attorney General by airmail on January 6th, (on the same date on which the originals were sent to the court), was also received by the Assistant Attorney General on January 10th, the same day as the originals were received by the clerk. (The original and copies of these communications and envelopes in which mailed and received by the clerk were in the court jacket containing the official court records in this case at the hearing at El Paso. It is counsel's recollection that the documents and facts of mailing and receipt referred to above were in any event conceded to be correct by both sides at the hearing.)

The foregoing facts are set out in detail to illustrate and prove conclusively that the delay in the receipt of the petition at bar at the office of the clerk of the Court at New York was due to an obvious unusual event or miscarriage in airmail between the two coasts. Neither the petitioner nor its counsel could anticipate, or were responsible for the delayed receipt of the petition at New York. It is common knowledge that in the ordinary course of the airmail, a petition thus mailed from Los Angeles on January 6th should have reached the Court by January 8th, or the 9th at the latest. Thus, for reasons over which neither the petitioner nor its counsel had any control, the Post Office Department failed to deliver within a reasonable time the petition sent to the Court at New York by airmail, mailed at Los Angeles well within the sixty days after liquidation of the entry required by Rule 29 of this Honorable Court * * *.

Section 489, *supra*, provides that remission of additional duties may be granted by the court "upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe." Portions of rule 29 of this court, pertinent to the issue herein, read:

Every such petition shall be addressed to the court, and filed in the office of the clerk in New York City at any time after final appraisement, but within 60 days after liquidation. * * * A copy thereof shall be filed with the collector of the port where the case arose, and the collector shall immediately, upon receipt of such copy, forward the invoice, entry, and all other papers connected therewith to the clerk of the court. Notice of such filing, together with a copy of the petition, shall be served by the petitioner on the Assistant Attorney General in charge of customs litigation within five days after such filing.

*Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212, referring to section 489, held that "Clearly this is a remedial statute to be liberally construed to promote the object of the legislation," citing Lewis' Sutherland Statutory Construction, sec. 584; *Cliquot's Champagne*, 3 Wall. 114 at 145; *Beley* v. *Napthtaly*, 169 U. S. 353; 36 Cyc., page 1174. Bearing this in mind, we proceed on the premise that no unreasonable requirement imposed by a rule of court should deprive a petitioner in such cases from his day in court.

Language substantially the same as that contained in section 489, *supra*, was embodied in section 489 of the Tariff Act of 1922, but the provisions of the latter were silent as to the time for the filing of such

petitions, and both were enacted without any provision as to the place for filing. Pursuant to the rule-making authority granted in section 489 of the Tariff Act of 1922, the Board of General Appraisers (now this court) promulgated, on December 20, 1922, its rule XXXVI which provided in part that "Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof within 60 days from the date of final appraisement."

The *Klein, Messner & Co.* case, *supra*, involved the reasonableness of the said rule and whether sufficient statutory authority was vested in the said Board of General Appraisers to pass a rule setting forth the time within which such petitions should be filed. In the court's discussion of the issues, consideration was also given to the provisions of section 518 of the Tariff Act of 1922 (the predecessor section of section 518 of the Tariff Act of 1930) wherein the said Board of General Appraisers was authorized to "establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, * * * and decisions of the members thereof, and for the production, care, and custody of samples and of the records of said board," and in connection therewith said:

It is not pointed out, nor do we find, that there is any authority vested in the board by section 518 greater, so far as relates to remission of additional duties, than that granted in section 489. Neither do we discover in either the grant of any express authority to the board to provide by rule the time within which petitions may be filed.

Section 489 provides that an importer may file a petition with the board but does not state the time within which it may be done. The only implication as to such time is that necessarily inferred, which is that it must at the earliest be after final appraisement. That such must be its interpretation is obvious because of the fact that until final appraisement neither the importer nor the collector would know that additional duties could be assessed. The statute, however, is silent as to when, after final appraisement, the petition may be filed.

    *       *       *       *       *       *       *

* * * The Government does not deny this but seems to assume that even so it is a hardship that the importer must suffer because the rule of the board is the law. This view, if sustained, would result, as pointed out by the importers, that in some cases it would be necessary to file a petition for remission of additional duties before any had been assessed, before it could be known that they would be assessed, and to litigate to a conclusion that issue only to find that it was useless and abortive because the collector at final liquidation had not assessed additional duties.

We can not think that section 489 contemplates any such result and are of opinion that Rule XXXVI as in effect at the time this petition was filed was unreasonable and beyond the authority of the board to make. To be reasonable a rule must be such as will cover all cases where additional duties may be assessed. * * *

As would be expected, after said rule XXXVI was declared "unreasonable, contrary to the statute, and void," in the aforementioned opinion, it was amended by the said Board of General Appraisers to

provide that such petitions should be filed in the office of the chief clerk any time after final appraisement but not later than 60 days after final liquidation.

The validity of this amended rule XXXVI was directly involved and squarely met in *United States* v. *P. V. Bright & Co.*, 19 C. C. P. A. 295, T. D. 45468. After a discussion of several pertinent cases, including the *Klein, Messner Co.* case, *supra*, the court stated: "It thus appears that the exact question before us now was not present in any of the cited cases."

In disposing of the limited issue, Bland, J., speaking for the court said:

In addition to the broad power of adopting "such rules of evidence, practice and procedure not inconsistent with law as may be necessary to the conduct of its proceedings," granted to the Board of General Appraisers (now the United States Customs Court) in section 518 of the Tariff Act of 1922, Congress granted special powers in connection with the special proceeding of remission of additional duties in section 489, *supra*. It was provided that such additional duties might be remitted *"upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe."* [Italics ours.]

We think the term used by Congress in section 489 authorized the board to prescribe a reasonable rule fixing the time within which the petitioner should be required to file his petition.

The Government has pointed out that Congress, in section 489 of the Tariff Act of June 17, 1930, has changed the language which appeared in the predecessor paragraph of the Tariff Act of 1922 by providing specially that the petition should be filed "at any time after final appraisement and before the expiration of sixty days after liquidation," which is substantially in the same language as the rule now under consideration, and urges the pertinency of a consideration of this fact as pointing to what Congress regards as a reasonable time. What the Congress which enacted the Tariff Act of 1930 may have thought was a reasonable time has little, if any, bearing on the question of what was a reasonable time limit under the old act.

The rule before us permits the petitioner to file his petition after final appraisement and before liquidation, and he may file it within 60 days after final liquidation. We can see no reason why this is not a fair, proper, reasonable, and valid rule and hold it so to be.

As mentioned in the *Bright* case, *supra*, Congress, in enacting section 489 of the Tariff Act of 1930, specifically provided for the time in which such petitions shall be filed, thereby completely removing such element from rule-making power.

However, in none of the cases mentioned nor in the basic laws (either the Tariff Act of 1922 or the Tariff Act of 1930) was the place of filing petitions, as provided for in the rules, changed or attacked. In other words, the uniform provision in the rule, both of the Board of General Appraisers and the United States Customs Court, requiring such petitions to be "filed in the office of the clerk" has not been disputed nor the reasonableness thereof tested, as is the controlling issue in the instant motion.

There are three principal types of litigation in this court: protests against tariff classifications by the collector (section 514 of the Tariff

Act of 1930 (19 U. S. C. 1940 ed. § 1514)), appeals for reappraisement (section 501 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1501)), and petitions for the remission of additional duties (section 489 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1489)), the last named being involved in this case. In the first two, which comprise the bulk of litigation, the statute is specific in providing that the filing, by importers, of initial pleadings, in such cases shall be not with the clerk of the court, but with the collector of customs at the port receiving the merchandise.

Not until such initial pleadings, with the official papers pertaining to the case, are forwarded to the clerk of this court in New York City is there any official knowledge whatsoever of such litigation pending or in being. Upon arrival at the office of the clerk in New York from the collector of customs at the port where the merchandise has been entered, the case is formally docketed, and not before. Thereafter, and not before, such cases are entitled to take their place on a formal calendar of the court.

It will be readily conceded that such cases filed with collectors—for instance, on the Pacific Coast, or, more appropriate for this discussion, with the collector at El Paso—on the last day of the fixed statutory time, are not received at the office of the clerk in New York for many days, and at times it is a matter of weeks before such initial pleadings, with required official papers, are lodged formally with the clerk of this court, to take their place in the files of recognized legitimate litigation.

The place of filing initial pleadings is fixed by law, only with reference to the two principal types of litigation, i. e., protests and appeals for reappraisement. Why a similar provision was not inserted by Congress in the section governing petitions, like that under consideration, is not for us to say. The fact that protests and reappraisement appeals are, first, filed with the collector and, then, with the clerk of this court, and that Congress so provided under mandatory statutory provisions, sections 514 and 501, *supra*, might be accepted as sufficient reason for a rule of the court to adopt the same procedure for petitions for the remission of additional duties, section 489, *supra*, where the statute is silent with reference thereto.

It is appropriate in this discussion to call attention to the fact that other rules of this court—to be specific, rule 8, dealing with notices of hearings at ports outside New York; rule 9, pertaining to the filing of motion papers; and rule 38, dealing with assignments of error and briefs in applications for review—setting forth some provision as to the days permitted for compliance with the requirements thereof, recognize the fact that the western part of the United States is without a branch office of this court, and that therefore additional time, from 5 to 10 days, is allowed litigants in that area.

Likewise, the Supreme Court of the United States, in its rules

pertaining to motions, including those to dismiss an appeal, provides for a 20-day period after service, for the appellant to file printed copies of a brief, "except that where his counsel resides in California, Oregon, Washington, Nevada, Idaho, Utah, Arizona, New Mexico, Colorado, Wyoming, Montana, or an outlying possession, the time shall be 25 days." The allowance of additional time for litigants and attorneys in the western part of the United States is also found in other rules of the Supreme Court of the United States. Under rule 19 of the rules of the United States Court of Customs and Patent Appeals, an additional period of 10 days is allowed "importers residing west of the Rocky Mountains, or beyond the continental limits of the United States." The fairness of such additional allowance of time is too evident to argue further as to the merits thereof. Our thought at this point was aptly expressed in the *Klein, Messner & Co.* case, *supra*, when the court stated, "The Congress intended to treat all importers alike so far as remission of additional duties was concerned, and any rule of the board which defeats that intent is contrary to law and void." The remedy, giving adequate effect to this sound judicial pronouncement, lies in a change in the court rule, as it now exists, to establish, for petitions filed under section 489, *supra*, a procedure like that specified by Congress in dealing with the more voluminous types of customs litigation.

Counsel for petitioner appears to have exercised that degree of prudence and care that other counsel would have practiced under similar circumstances, by air mailing the petition on January 6 and being reasonably satisfied it would arrive in New York for delivery and filing in the office of the clerk before the morning of January 10. We are unwilling to ascribe postal service inefficiency as the cause for delay in arrival of the January 6 letter from Los Angeles, and through the avenue of judicial notice include the practically conceded statement relative thereto in the factual setup here. However, it does present an almost unanswerable argument for some differential in time to be allowed litigants and their attorneys residing at considerable distance from New York for compliance with some of the procedural requirements of this court.

Manifestly, the position taken herein differs with the finding of the court in *Maurice Lipton* v. *United States*, 11 Cust. Ct. 229, Abstract 48609, a case which was not appealed. After a careful study of the opinion upholding a court rule requiring petitions for the remission of additional duties to be filed in the office of the clerk of the court, without any recognition whatever of the collectors of customs at the several ports throughout the United States, we are consoled in our present attitude by the following quotation from the *Lipton* case, *supra*:

The above argument would have some force if it were not for the fact that the rules of the court promulgated under the Tariff Act of 1922 provided that peti-

tions for remission should be filed with the clerk of the court in New York. Congress reenacted section 489 and made no change with respect to where petitions should be filed, evidently being satisfied with the rule of the court providing that they shall be filed with the clerk of the court in New York.

Weakness in the above-quoted reasoning is revealed by the disclosure that the reasonableness of the place for filing petitions, i. e., in the office of the clerk of this court, was never the subject of judicial interpretation or legislative discussion between the passage of the Tariff Act of 1922 and the enactment of the Tariff Act of 1930. In the absence of something concrete and specific in that direction, as existed with respect to the element of time—after final appraisement and before the expiration of 60 days after liquidation—ultimately incorporated in the basic law, there is no foundation to attribute to Congress knowledge of the existence of any provision fixing the place for filing petitions arising under section 489, *supra*. To impute to Congress knowledge of a situation such as this case presents, is going far beyond the province of this court. It seems fair to say Congress would be shocked to learn that a petitioner is deprived of his day in court because of a court rule emanating from an all-powerful statutory provision which an earlier Congress is said to have enacted with full knowledge of its subsequent import and attending hardship, such as the instant case.

For the reasons hereinabove discussed, the motion to dismiss is denied, and it is hereby ORDERED that the case be placed on the San Francisco docket for hearing on the merits, as requested by counsel for petitioner.