BEFORE THE THIRD DIVISION, JULY 9, 1947

**No. 51839.**—Samuel S. Perry *v.* United States, petition 6487–R (El Paso).

CLINE, Judge: This is a petition for remission of additional duties filed under the authority of section 489, Tariff Act of 1930.

Prior to the trial of this case, the Government moved to dismiss the petition on the ground that it was untimely, having been filed in the office of the clerk of the court in New York 61 days after liquidation. This motion was denied on the ground that the rule was unreasonable in failing to recognize any time differential for filing in New York to litigants located west of the Rocky Mountains. *Samuel S. Perry* v. *United States*, 15 Cust. Ct. 172, C. D. 967.

The merchandise herein consisted of painted sewing chairs, No. 1622, and children's painted chairs, No. 1621, imported from Quiroga, Mexico, on April 15, 1944. They were entered at the invoice prices, plus dutiable charges. At the trial Morris Greenblat, a partner in the importing firm, testified that he was in Mexico around December 9, 1943; that he was given quotations from two or three other firms on the same type of Quiroga chairs; that the prices were on a par with those given by the manufacturer herein; that he was not given a special price; and that he had no information causing him to believe the entered values were too low. He explained that in Mexican business dealings, even though specific orders are placed at specific prices, the supplier will charge the market price at the time of shipment and that a price list is rarely published. He also stated that in the instant case the advance was made on the No. 1621 chair, which is smaller than the No. 1622 chair, and that the smaller chair was advanced to the same price as that of the larger size; that the two different sized chairs have always been sold at different prices; that he did not file an appeal to reappraisement through oversight; that he gave all the information he had to the appraiser at the time of or prior to entry; and that he did not intend to deceive the customs officials or defraud the revenue

On the record herein, we find that the importer was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted. Judgment will be rendered accordingly.

**No. 51840.**—Price Gilbert, Jr. *v.* United States, petition 6016–R (Savannah).

Opinion by CLINE, J. At the trial counsel for the Government moved to dismiss the petition for lack of prosecution, inasmuch as he had received a phone call from the attorney for the petitioner stating that petitioner did not wish to proceed with the case. The petition was therefore dismissed.