**No. 52765.**—Kiefer-Stewart Company *v.* United States, petition 6511–R (Indianapolis).

OLIVER, Chief Judge: This petition is for remission of additional duties assessed under the provisions of section 489, Tariff Act of 1930, by reason of the final appraised value exceeding the entered value of a shipment of cigars imported from Cuba and entered at the port of Indianapolis, Ind.

At the hearing an oral motion to dismiss the petition was entered by the Government on the ground that the petition was untimely. Section 489, *supra*, provides that remission of additional duties may be granted by the court "upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe." Former rule 29 of the Rules of the United States Customs Court, controlling in the present case, provided that such petition for remission of additional duties be addressed to the court, and filed in the office of the clerk in New York City at any time after final appraisement, but within 60 days after liquidation. Liquidation of the entry covering the involved importation was made on February 1, 1945. The petitioner herein filed its petition for relief with the collector of customs at Indianapolis on February 27, 1945, which was within the 60-day period after final liquidation. The following day the petition was forwarded, in error, by the collector at Indianapolis to the Commissioner of Customs at Washington, D. C. Thereafter, in a letter dated April 9, 1945, the Commissioner of Customs returned the petition to the collector at Indianapolis informing him that the Bureau of Customs lacked jurisdiction over the matter as the additional duties did not accrue as the result of clerical error, pointing out that the importer's remedy was by petition to this court for the remission of the additional duties. The collector of customs thereupon, under date of June 11, 1945, forwarded the petition to this court stating that the petitioner herein had acted in good faith and that the petition had been filed in the collector's office at Indianapolis within the required time, as specified under section 489 of the tariff act. As indicated, however, the petition was actually filed in the office of the clerk of this court more than 60 days after liquidation.

The decision in the present case was suspended pending the decision in *Samuel S. Perry v. United States*, 15 Cust. Ct. 172, C. D. 967. In that case this court had under consideration the same rule 29 of this court as is before us in the present case. There a copy of a petition for remission of additional duties was filed within the statutory time with the collector of customs at the port of entry, El Paso, Tex., but the petition was not filed in the office of the clerk of this court in New York City until 61 days after liquidation. The court there denied the Government's motion to dismiss the petition as untimely. In so doing, it held that the applicable court rule was unreasonable in failing to recognize any time differential, for filing at New York, to litigants located at considerable distance from the court.

While the facts here are not on all fours with those present in the *Perry* case, *supra*, the principles enunciated there are applicable here and we are of opinion that the record herein justifies a finding that the petitioner's failure to comply with the court rule in question was due to causes beyond its control and that the ·

effect of petitioner's noncompliance must be viewed in the light of the circumstances which prevented the timely filing in this court of the petition for relief. In the enactment of section 489 of the tariff act, Congress gave an importer a right to the remission of additional duties if he established that the undervaluation was without intent to defraud the revenue, to conceal, misrepresent, or deceive as to the facts or as to the value of the imported merchandise. This is a remedial statute to be liberally construed to promote the object of the legislation (*Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273, T. D. 41212). The court rule herein, promulgated pursuant to authority embodied in section 489, *supra*, should be resolved in accordance with the congressional intent. The petitioner herein should not be deprived of its day in court and the motion to dismiss the petition herein as untimely is denied.

The petitioner in the present case was not represented by counsel but the assistant manager, who made the entry, testified that the involved merchandise was bought at a discount of 5 per centum under the actual market price in Cuba. In making entry herein, the importer did not include as part of the market value the discount allowed to it. The witness further stated that this was the first entry he had ever made and that he did not know that the merchandise should have been entered at the regular foreign market value regardless of the discount. He further testified that he disclosed to the United States customs officials everything he knew about the value of the merchandise and that he had no intention to defraud the revenue of the United States. Appraisement was made on the basis of the foreign market value which included the discount. No appeal for reappraisement was made and the witness stated that he was satisfied to pay the duty on the value found by the Government.

From the record it is apparent that entry of this merchandise was made without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the customs officials as to the value of the merchandise.

The petition is therefore granted.