Before the First Division

NOVEMBER 14, 1952

**No. A. R. D. 7.—** *West End Auto Wrecking Co., Inc.,* and 168782–A, *B. K. Elliott Co.* Entered at Pittsburgh, Pa.

The following memorandum accompanied orders in re reappraisement 164419–A (Reap. Dec. 7928) and reappraisement 168782–A (Reap. Dec. 7931):

MEMORANDUM TO ACCOMPANY ORDERS

This matter is before us upon motions made by Jerome G. Clifford, attorney for the plaintiffs below, for an order applicable to each case "deeming the application for review filed in this proceeding in this Court to be the application for review filed with the Collector of Customs, Pittsburgh, Pennsylvania."

In support of the motions, Mr. Clifford has submitted certain affidavits and copies of documents referred to therein. While opposing the motions, the defendant does not appear to controvert any of the facts recited in the affidavits or revealed by the documents referred to, but takes the position that as matter of law this court is powerless to grant the motions.

The factual situation appears to be as follows: Decisions and judgments adverse to the claims of the plaintiffs below were rendered on January 8, 1951, in the case of West End Auto Wrecking Co., Inc. (reappraisement No. 164419-A; Reap. Dec. 7928), and on January 12, 1951, in the case of B. K. Elliott Co. (reappraisement No. 168782-A; Reap. Dec. 7931). The statutory period within which applications for review of the said decisions would have to be filed would expire on February 7 and 11, 1951, respectively. 28 U. S. C. (1948 Rev.) § 2636 (a).[1] In each of these cases, Mr. Clifford was counsel for the plaintiff.

Prior to January 30, 1951, according to his affidavit, Mr. Clifford prepared the applications for review together with the briefs for the appellants in those cases. On January 30, 1951, Mr. Clifford states he personally presented all copies of the applications for review and of the briefs to the Office of the Assistant Attorney General in Charge of Customs, who represents the United States in such matters, and after all copies were stamped "received" left with that office one copy of each. He then presented the duplicate originals of the applications, and the copies thereof, as well as the copies of the briefs, to the office of the clerk of this court, and after all were stamped "received," he left the four copies of the applications and of the briefs with the clerk's office.

The copies of the applications for review and of the briefs found in the papers herein corroborate these statements by Mr. Clifford, and bear on the covers thereof rubber stamps showing receipt of copies by the Assistant Attorney General, and filing with the clerk of the United States Customs Court on the date mentioned.

---

[1] § 2636. Review of single judge's decision; disqualification of judges; remand; presumption.

(a) The decision of a single judge in a reappraisement proceeding shall be final and conclusive upon all parties unless within 30 days from the date it is filed with the collector of customs an application for its review is filed with or mailed to the Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forwarded forthwith to such court.

Of his subsequent actions on that day, Mr. Clifford states as follows:

Thereafter and on that same day, January 30, 1951, upon *returning to my office,* I personally addressed an envelope to the Collector of Customs, United States Customs Service, Pittsburgh, Pa., and in accordance with my practice of more than 25 years, enclosed therein the duplicate original copies of each of the two aforesaid applications, each of which had the stamped endorsement of the said Assistant Attorney General and of this Court on the legal back to which the applications were stapled, affixed six cents in stamps to the envelope and personally deposited the said envelope in a United States Mail box located in the lobby of the building in which I maintain my office.

Although the envelope bore the return address of Mr. Clifford, it appears that there is no record of its having been received by the collector of customs at Pittsburgh, and it was not returned to Mr. Clifford in New York. A railroad strike and embargo of mails which were in effect at the time of the mailing, and the resulting confusion and pile-up of mail, may possibly have furnished the situation in which the envelope could have been lost. This is, of course, by no means certain, and the loss might as well have occurred after delivery at Pittsburgh for all that appears to the contrary.

Section 2636 (a), *supra,* is undoubtedly a statute of limitations in that it specifies the time within which a right of action must be exercised or be barred. It is noted that the statute seemingly does not place the same burden on both parties. Thus, the person acting on behalf of the United States may, within 30 days after the decision below, *file* or *mail* its application for review *with the Customs Court,* and *mail* a copy thereof to the consignee, or his agent or attorney. If the appeal be taken by the consignee or his agent, they, or their attorney, must *file* the application *with the collector,* who is required to forward the same to this court.

It is urged by the defendant that the *filing,* on the part of the consignee, his agent or attorney, of the application for review *with the collector* is essential to the invocation of the appellate jurisdiction of this court in reappraisement cases. Counsel for the defendant lays emphasis upon the underscored words, and seemingly does not consider the effect and import of the entire requirement laid upon the consignee, his agent or attorney, in the matter of invoking the appellate jurisdiction of this court.

The pertinent portions of the statute in this regard read as follows:

§ 2636. Review of single judge's decision; * * *.

(a) The decision of a single judge in a reappraisement proceeding shall be final and conclusive upon all parties unless within 30 days from the date it is filed with the collector of customs an application for its review is * * * filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forwarded forthwith to such court.

Normally, the essentials for the invocation of appellate jurisdiction are notice to the adverse party and application to the proper tribunal.

It must be remembered that the collector is not a party to a reappraisement action or proceeding in this court, even though in his capacity as collector he may initiate either an appeal for reappraisement (19 U. S. C. § 1501), or an application for review of the decision of a single judge on an appeal for reappraisement (28 U. S. C. § 2636 (a)).

The adverse party to the consignee or his agent in reappraisement matters is the United States. The United States is represented in such matters by the Assistant Attorney General in Charge of Customs litigation. 5 U. S. C. § 296.

Finally, the application for review is directed to the court.

With these facts in mind, it becomes quite obvious that the only reason for requiring the filing, on the part of a consignee, his agent or attorney, of such application with the collector, instead of directly with the court, is to give notice to the collector that the decision of the single judge is not final and that further proceedings are to be had. If such notice were not given, the collector might proceed to liquidate the entry and perform other administrative duties on the theory that the appraisement had become final.

Actually, aside from receiving notice and stopping further administrative action, the only other function the collector serves in connection with consignees' applications for review is as a conduit through which the applications reach the Customs Court. In fact, this would appear to be the primary function intended by the requirement of filing with the collector, notice to him being incidental thereto.

The filing of the instrument of appeal with the tribunal involved is the normal appellate procedure, as is indicated by the fact that under section 2636 (a), *supra*, in the case of applications for review taken on behalf of the United States the same are filed with or mailed to the court, notice being given to the adverse party. We are of the opinion that when the entire provision in section 2636 (a), *supra*, relating to consignees' applications for review is read as a whole it becomes apparent that it was the intention of Congress to secure this result, the collector being merely a convenient agent for this purpose. Viewed in this light, it can scarcely be considered that it was the intention of Congress to impose as a *jurisdictional* requirement the filing of consignees' applications for review with the collector. The effort seems to have been to follow the usual procedure of application to the court and notice to the adverse party, both of which were timely effectuated in these two cases.

We therefore hold that each of the applications for review here involved was timely filed in compliance with the statute.

We do not mean to be understood as holding that, because the requirement for filing a consignee's application for review with the collector is not jurisdictional in nature, it may be ignored. Congress

obviously intended that the collector receive notification of the pendency of an appeal and indicated the filing method as a means to that end. It does appear, however, herein that the appellants did not ignore the requirement, but, on the contrary, took such steps as are proper in the circumstances to supply the notice. Moreover, it does not appear that, because of the failure of the notice to reach the collector, that officer took any official steps which damaged or prejudiced the position of the United States in any way. To impose the sanction of barring the applications for review for an omission of merely technical and not jurisdictional effect would, to our minds, be a distortion and a denial of the judicial review which Congress sought to provide by section 2636 (a), *supra*.

This construction of section 2636 (a) is not only in accord with the obvious intent of Congress, but is also consonant with the nature of statutes of limitation. Of this, Wood on Limitations, Fourth Edition, volume 1, at page 9, says:

\* \* \* The underlying purpose of statutes of limitations is to prevent the unexpected enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution.

and on page 10:

\* \* \* Therefore, laws of limitation are to be encouraged; yet, as they are acts which take away existing rights, they should always be construed with reasonable strictness, and in favor of the rights sought to be defeated thereby, so far as is consistent with their letter and spirit.

The motions made on behalf of the appellants are for orders that the application in each case filed with the court be deemed the application filed with the collector. As we have held that under the circumstances in each case the filing of each application was in compliance with the requirements of the statute, orders will issue directing that the applications be placed upon the next regular reappraisement review calendar of this division of the court for disposition in accordance with the law.