(C. D. 1552)

TAPSCOTT'S
H. A. GOGARTY, INC. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 29, 1953)

*Barnes, Richardson & Colburn* (*Harry A. LeBien, James F. Donnelly,* and *E. Thomas Honey* of counsel) for the plaintiffs.
*Warren E. Burger,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is a suit against the United States in which it is claimed that an allowance in duties should have been made under the provisions of section 506 (1) of the Tariff Act of 1930 for merchandise alleged to have been abandoned by the importer and destroyed. The Government contends that the plaintiffs have failed to comply with the provisions of that section, and the regulations issued thereunder, and are thus not entitled to any relief.

The pertinent provision of the Tariff Act of 1930 is as follows:

SEC. 506. ALLOWANCE FOR ABANDONMENT AND DAMAGE.

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons

to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, * * * any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable;

*   *   *   *   *   *   *

The applicable portion of the Customs Regulations of 1943, issued pursuant to the authority given by the above section, is as follows:

**15.3 Abandonment of merchandise under section 506 (1), Tariff Act of 1930.—**
(a) A written notice of any abandonment under section 506 (1), Tariff Act of 1930, shall be filed with the collector of customs at the port where the entry is filed within 30 days after the date of entry or, in the case of examination packages, within 30 days after release, whether or not delivery is taken by the importer immediately after entry or release as the case may be.

At the trial, all of the papers transmitted to the court, with the exception of an affidavit, dated May 10, 1950, were received in evidence. It appears therefrom that the merchandise, consisting of 3 cartons and 17 crates of bamboo sticks, was entered at the port of New York on March 6, 1950, and was subsequently sent to the importer at Owensboro, Ky. A letter from the importer, dated April 4, 1950, addressed to "United States Customs, 201 Barwick Street, New York, New York" states:

Upon opening an [sic] inspecting subject shipment it was learned that 17 crates of the above were received in a molded, mildewed, and worthless condition.

It is requested that we be permitted to destroy the contents of the 17 crates under the supervision of your representative and receive a refund on the duty paid on that portion of the shipment.

It was stipulated at the trial that this letter was mailed on April 4, 1950, and was received in the liquidating division of the collector's office at the port of New York on April 7, 1950. There is no statement on the letter as to what action was taken by the collector, but in his memorandum in reply to the protest it is indicated that he considered the importer's application untimely and the proof of destruction subsequently furnished insufficient.

It is evident from the above that the written notice of abandonment was filed with the collector at the port of New York on April 7, 1950, which was more than 30 days after the date of entry. It is, therefore, untimely under section 15.3 (a) of the regulations, *supra*. Plaintiffs claim, however, that the regulation is unreasonable in requiring that the notice be filed with the collector at the port of entry within 30 days after entry, on the ground that an importer who resides at a distance from the port of entry has insufficient time to examine the merchandise and file the notice, as required. It is

contended that a reasonable interpretation of section 506 (1), *supra*, is that abandonment to the United States within 30 days of entry occurs when the importer has indicated his intent to abandon by mailing the notice within the prescribed time.

It is well settled that regulations issued by the Secretary of the Treasury under a specific provision of the tariff act are mandatory and compliance therewith is a condition precedent to the right accorded, provided that the regulations are reasonable and not in contravention of the statute. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *R. H. Comey Brooklyn Co.*, 16 Ct. Cust. Appls. 248, T. D. 42843; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. Regulations issued under section 506 (1) of the Tariff Act of 1930 have been held mandatory. *W. A. White Brokerage Co.* v. *United States*, 65 Treas. Dec. 339, T. D. 46922; *W. X. Huber Co.* v. *United States*, 1 Cust. Ct. 289, C. D. 67; *H. Schnell & Co.* v. *United States*, 17 Cust. Ct. 20, C. D. 1014.

The question here relates solely to the reasonableness of the regulation requiring that notice be filed with the collector within 30 days after entry. The statute itself directs only that the importer abandon the merchandise to the United States within 30 days after entry. It is left to the Secretary of the Treasury to prescribe the method of so doing.

Technically, an abandonment is the act of intentionally relinquishing a known right absolutely and without reference to any particular person or purpose. 1 American Jurisprudence 2; 1 C. J. S. 4; *Ellis* v. *Brown*, 177 F. 2d 677; *Goltra* v. *United States*, 96 F. Supp. 618, 625. Since the statute here involved provides for an abandonment to the United States, it contemplates, strictly speaking, a "surrender" rather than an "abandonment." *Goltra* v. *United States, supra*; *Hogan* v. *Gaskill*, 42 N. J. Eq. 215, 6 A. 879; *Justice* v. *Burgess*, 244 Ky. 774, 52 S. W. 2d 720. Nevertheless, it is clear that two elements are involved: An intention to relinquish and an external act by which the intention is carried into effect.

That the intent to abandon be manifested in writing is clearly a reasonable requirement and was so held under similar provisions of a former statute (section 23, Tariff Act of 1890, as amended by the act of May 17, 1898). *Wo Sing & Co.* v. *United States*, 9 Treas. Dec. 723, T. D. 26308. It has also been held under prior statutes, permitting abandonment within 10 days after entry, that a notice filed subsequently is untimely. *Wo Sing & Co.* v. *United States, supra*; *Cecil Vigdor* v. *United States*, 56 Treas. Dec. 816, Abstract 9701.

See also *John A. Conkey Co.* v. *United States*, 58 Treas. Dec. 80, T. D. 44156, involving section 505 (2) of the Tariff Act of 1922, which

permitted an allowance for fruit or other perishable merchandise decayed or commercially valueless at the time of importation. The regulations then in effect required that a notice of intent to claim the allowance be filed with the collector within 96 hours after arrival of the vessel and proof of claim within 10 days after the landing of the merchandise. It was held that the regulations were reasonable and compliance therewith a condition precedent to obtaining relief.

It has been stated that "A mere intention to abandon is ineffectual unless coupled with a voluntary relinquishment of possession and control." *Helvering* v. *Jones*, 120 F. 2d 828, cert. den. 314 U. S. 661. Section 506 (1) of the Tariff Act of 1930 provides that two things must be done within the 30-day period: (1) That the importer abandon the goods to the United States; that is, manifest an intent to relinquish his right thereto; and (2) that he deliver them to a place designated by the collector; that is, relinquish possession and control, or satisfy the collector that they are so far destroyed as to be nondeliverable. It is obvious that, in order to comply with the terms of the statute, the collector must first receive notice of abandonment, then designate the place of delivery of the goods (unless satisfied that they are nondeliverable), and then the importer must deliver them to that place. Unless the collector has *received* the notice of abandonment within the 30-day period, the other acts cannot be carried out within that time. That, in fact, is what occurred in the instant case. The notice was not received by the collector in time, the merchandise was not delivered within the 30-day period to a place designated by him, nor is there any evidence that he was satisfied that it had been so far destroyed as to be nondeliverable.

In our view, therefore, section 15.3 (*a*) of the Customs Regulations of 1943, requiring that a written notice of abandonment be filed with the collector within 30 days after entry, is reasonable and valid. Since it has not been complied with, the plaintiffs are not entitled to an allowance under section 506 (1) of the Tariff Act of 1930.

In support of their claim, plaintiffs have called the following cases to our attention: *West End Auto Wrecking Co., Inc.* v. *United States,* and *B. K. Elliott Co.* v. *United States,* 29 Cust. Ct. 548, A. R. D. 7; *Samuel S. Perry* v. *United States,* 15 Cust. Ct. 172, C. D. 967; *Kiefer-Stewart Company* v. *United States,* 22 Cust. Ct. 214, Abstract 52765.

The case first cited involved the provisions of 28 U. S. C. § 2636 (a), which provide that the decision of a single judge in a reappraisement proceeding shall be final and conclusive unless within 30 days from the date it is filed with the collector an application for review is so filed by the consignee, or his agent or attorney. It appeared that the applications for review were timely prepared, served on the court and the Assistant Attorney General in Charge of Customs, and mailed to

the collector at Pittsburgh, but they were never received by the latter. The court held that, under the circumstances, the filing was in compliance with the statute. The court stated that the only reason for requiring that the application be filed with the collector rather than with the court was to give him notice that the decision of the single judge was not final, and that the requirement was not jurisdictional. The court pointed out also that the failure of the notice to reach the collector did not damage or prejudice the position of the United States in any way.

The situation in the instant case is entirely different in that under section 506 (1), *supra*, the failure to file the notice with the collector within the 30-day period makes it impossible to comply with the requirement that within that period the importer deliver the merchandise to a place designated by the collector or satisfy him that it is nondeliverable.

*Samuel S. Perry* v. *United States, supra,* and *Kiefer-Stewart Company* v. *United States, supra,* both involve section 489 of the Tariff Act of 1930 which provides that remission of additional duties may be granted by the court "upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe." In the case first cited, it was held that a rule of the court requiring that petitions be filed with the clerk of the court within 60 days after liquidation was unreasonable in failing to recognize any time differential for litigants located at a considerable distance from the court. In the second case, the petition was filed with the collector at Indianapolis, rather than with the clerk of the court, was forwarded by error to the Commissioner of Customs at Washington, and, subsequently, after the 60-day period had expired, sent to the court. It was held that the petitioner's failure to comply with the court rule was due to causes beyond its control and that it should not be deprived of its day in court.

It is to be noted that these cases involved a court rule designating the place of filing, as the office of the clerk of the court, which rule the court could, and later did, change to the office of the collector at the port of entry. Moreover, there was no additional act directed to be done within the statutory period, as is the case in situations involving section 506 (1) of the Tariff Act of 1930.

Since the plaintiffs have failed to comply with the mandatory regulations issued under section 506 (1) of the Tariff Act of 1930, and have failed to deliver the merchandise to a place designated by the collector within the statutory period or to satisfy him that the merchandise was nondeliverable, as required by the statute, the protest is overruled. Judgment will be rendered accordingly.