BEFORE THE THIRD DIVISION, OCTOBER 16, 1961

**No. 66148.**—Premier Doll Accessories, Inc. *v.* United States, protest 60/21716 (A) (New York).

DONLON, Judge: The issue is whether certain playing cards, returned to the public stores on the collector's requisition after delivery to the importer on the pier, were lawfully abandoned so as to authorize allowance for duties thereon. Plaintiff claims abandonment. Defendant denies it.

It is represented to the court that plaintiff, a corporation, is the successor to Premier Doll Accessories Co., a partnership. The latter imported from Japan on February 26, 1959, certain merchandise. It was entered for consumption. The official papers, including the entry documents, were offered into evidence by defendant.

As is well known, importers are required to describe entry merchandise "in tariff terms in enough detail to permit classification," as customs Form 7501 (entry for consumption) clearly specifies. It does not appear in anything now before the court why plaintiff, or its predecessor partnership, failed to disclose, in the entry, that these playing cards were part of the imported merchandise. One of the partners bought the cards on a trip to Japan. They were not described as such in the entry. These are facts shown in the record before us here.

However, as the result of the importer's failure to describe the merchandise correctly, as required, the initial estimated duties were less than the duties properly assessable. Plaintiff does not contest either the corrected classification or the additional amount of the duties. What plaintiff argues is that plaintiff "abandoned" the playing cards, and, therefore, plaintiff is entitled under the law to allowance for the duties thereon.

The facts as to abandonment on which plaintiff's case is submitted, as developed by testimony of Mr. Alfred A. Gardner (partner of the importer-partnership and stockholder of the successor corporation, plaintiff herein) and the official papers, may be summarized as follows:

After the case of merchandise containing the playing cards had been requisitioned by the collector and, pursuant to such requisition, returned to the public stores, Mr. Gardner sought the advice of the brokers in the transaction. They counseled him to abandon the merchandise and to do so at the customhouse. Accordingly, he went to the customhouse and talked there with at least two different "clerks." He told them he wished to abandon the playing cards. He does not know the names of either of these clerks nor when it was he talked with them. He thought these conversations were sufficient to effect abandonment. He could not recall that he ever filed any written notice of abandonment and conceded that if he did do so, it was subsequent to the protest herein. The protest is dated May 9, 1960.

Section 506(1), Tariff Act of 1930 (19 U.S.C. § 1506(1)), provides as follows:

§ 1506. Allowance for abandonment and damage.

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

Abandonment within 30 days.

(1) Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within thirty days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination, any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be non-deliverable; * * *.

Customs regulations promulgated under statutory section 506 include the following:

15.3 Abandonment of merchandise under section 506(1), Tariff Act of 1930.—
(a) A written notice of any abandonment under section 506(1), Tariff Act of 1930, shall be filed with the collector of customs at the port where the entry is filed within 30 days after the date of entry or, in the case of examination packages, within 30 days after release, whether or not delivery is taken by the importer immediately after entry or release as the case may be.

It has been held that section 15.3 is a mandatory regulation, and compliance with it is prerequisite to allowance of duties under section 506(1). *Tapscott's et al.* v. *United States*, 31 Cust. Ct. 103, C.D. 1552; *H. Schnell & Co.* v. *United States*, 65 Treas. Dec. 868, T.D. 47073.

Written notice of abandonment, timely filed with the collector, is one of the requirements of the regulation. On the record before us, not only is there no proof that plaintiff actually filed any written notice, but plaintiff's sole witness concedes that, if such notice was ever filed, it was not timely filed. Plaintiff has not borne its burden of proof. Legal abandonment of the 25 gross of playing cards has not been shown. The statute does not permit the claimed allowance.

The protest is overruled.