No. 66723.—Capital Rock Company (James Loudon & Co., Inc.) *v.* United States, protest 60/25079 (San Francisco).

DONLON, Judge: Compressed board from Japan was imported at San Francisco and entered there on September 21, 1959. Entry was under paragraph 412 of the Tariff Act of 1930, with estimated duty payable at 16⅔ per centum ad valorem. On the same date, plaintiff filed in duplicate with the collector at San Francisco customs Form 4301 "REQUEST FOR AND/OR NOTICE OF APPRAISEMENT OR REAPPRAISEMENT," in the name of Capital Rock Co., c/o James Loudon & Co., Inc. This form is the usual request for notice of appraisement.

On October 12, 1959, the merchandise was examined, and the appraiser duly notified James Loudon & Co., Inc., customhouse broker, on November 16, 1959, that there had been change in the rate of duty, for the reason that the appraiser intended to classify the merchandise advisorily under paragraph 1539 of the Tariff Act of 1930, as modified, with duty at 21 cents per pound, plus 17 per centum ad valorem. Plaintiff had 10 days after such notice within which to notify the appraiser of any disagreement with the proposed advisory rate, in the event that plaintiff wished final action to be deferred pending further consideration. Advantage of this privilege seems not to have been taken.

Thereafter, on February 12, 1960, appraisement was completed. The appraised values were more than the entered values; and, pursuant to plaintiff's request of September 21, 1959, notice of appraisement at advanced values was sent to James Loudon & Co., Inc., on February 17, 1960.

On May 26, 1960, the entry was liquidated at the advisory classified rates computed on appraised values. In its protest, dated June 14, 1960, with letter dated May 31, 1960, attached, plaintiff's claim appears to be that if plaintiff had known that it would have to pay what plaintiff calls "confiscatory duties" on the imported merchandise, then it would have abandoned the merchandise; but that plaintiff was precluded from abandoning the merchandise within 30 days after entry, the period during which abandonment is permissible, as prescribed by section 506, Tariff Act of 1930, for the reason that defendant did not make its report of examination until 56 days after entry.

On trial in San Francisco on August 29, 1961, Mr. George S. Taylor, who described himself as the owner of Capital Rock Company, appeared in court without counsel. He was sworn and stated his grievance, for the record, substantially as outlined above. When asked by defendant's attorney if there was anything in the official papers to verify his asserted intention to abandon the merchandise, Mr. Taylor stated:

I think that my broker did everything he could to abandon. I had a letter to that effect. In fact, the broker sent to Sacramento for my signature a form with three copies that had to do with abandonment, and Mr. Loudon is available. His office is just across the street, and I think he can substantiate anything I have said. [R. 6.]

Plaintiff made no attempt to produce the broker to testify in behalf of plaintiff.

Section 506 of the Tariff Act of 1930, ALLOWANCE FOR ABANDONMENT AND DAMAGE, provides:

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within thirty days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination, any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable.

In *Tapscott's et al.* v. *United States*, 31 Cust. Ct. 103, C.D. 1552, merchandise entered at New York on March 6, 1950, was thereafter sent to the importer at Owensboro, Ky. Plaintiffs' protest claimed that a letter of abandonment, dated April 4, 1950, which was not received by the collector in New York until April 7, 1950, constituted timely abandonment under section 506. This protest was overruled, the court saying, in its opinion:

* * * It is obvious that, in order to comply with the terms of the statute, the collector must first receive notice of abandonment, then designate the place of delivery of the goods (unless satisfied that they are nondeliverable), and then the importer must deliver them to that place. Unless the collector has *received* the notice of abandonment within the 30-day period, the other acts cannot be carried out within that time. That, in fact, is what occurred in the instant case. The notice was not received by the collector in time, the merchandise was not delivered within the 30-day period to a place designated by him, nor is there any evidence that he was satisfied that it had been so far destroyed as to be nondeliverable. [P. 106.] [Italics quoted.]

Section 500 of the Tariff Act of 1930 prescribes the duties of appraising officers. There is no provision, such as plaintiff suggests, requiring appraisement as an act precedent to abandonment of merchandise by an importer.

Plaintiff seems to think that the privilege of abandoning imported merchandise which Congress has given to importers under prescribed conditions, including time limitations, is intended to enable importers to play a guessing game with the Government as to the dutiable value of merchandise they import. There is nothing in the statute to support this assumption. To the contrary, the recourse for correction of alleged errors in appraisement is through timely appeal to reappraisement.

The court does not make the law. Congress makes the law.

The protest is overruled. Judgment will be entered accordingly.