**No. 59723.**—Mary G. Ricks Hutchinson and Wohl Shoe Company v. United States, petition 6953–R (San Diego).

EKWALL, Judge: This is a petition for the remission of additional duties filed under authority of section 489 of the Tariff Act of 1930. The merchandise involved consists of huaraches, which were invoiced at $0.80 per pair and were so entered, as representing the market value in Guadalajara, Jalisco, Mexico, which the importer considered the principal market. The appraiser found the value to be $0.9367 per pair, based upon the price at Tijuana, which said official considered to be the principal market. The question of which city represented the principal market was taken up on appeal, and the court held that the evidence failed to overcome the presumption attaching to the appraiser's finding that Tijuana was the principal market. *Ricks* v. *United States*, 29 Cust. Ct. 517, Reap. Dec. 8187. Therefore, the value was fixed at $0.9367 per pair.

The importer of record, Mary G. R. Hutchinson, testified on her own behalf. The substance of her testimony was as follows: She had been a customhouse broker since 1930, having carried on her business at San Ysidro, Calif., and also in Tecate, the principal place of business in 1942, when this importation was made, being in San Ysidro. During that time, she handled a tremendous amount of huaraches, as it was during the shoe-rationing period in this country. At the time of this importation, the purchase price paid by the ultimate consignee was $1.15 per pair San Ysidro, after the duty was paid. The broker advanced the duties, deducted the amount of such duties from the price of $1.15, sent to her by the Wohl Shoe Company, the actual owner of the merchandise, and remitted the balance to the Mexican seller. When the witness learned that the price paid was different from that at which the goods were invoiced, she consulted the appraiser and discussed the matter with him, stating that she would have to amend her entry. She was informed by that official that the amount of $0.80 was all right for making entry and that they were accepting that value and had two reports from the C. I. E. on such merchandise. Therefore, she made entry at a value of $0.80 per pair. The entry here involved was used as the basis of a test case, in which, as above set forth, the court found that the presumption of correctness attaching to the value of $0.9367 per pair, had not been overcome. The advance in value from $0.80 to $0.9367 per pair was accepted by Mrs. Hutchinson in order that the question might be litigated. She admitted that she could have amended the entry to show the higher value, had she so chosen.

On cross-examination, the witness admitted that she did not amend the entry, although she tried to, but the customs officials told her not to upset the applecart, so she discarded her amended entry. On redirect, she explained her meaning in saying that the customs officials told her not to upset the applecart, by the following statement:

I went over to the Customs and presented my amended entry at San Ysidro and it was the first time I had ever made one and I didn't know the procedure and the Appraiser said "We are not going to accept that entry because you will upset the applecart as we are permitting everyone to use a value of eighty cents" so I took the amended entry back to my office and tore it up.

Counsel for the petitioners contends that the conduct of the importer, both prior to and subsequent to entry, is potent evidence of intent; that the record discloses not only the fullest disclosure of information to the appraiser and the absence of all intention to deceive him for the purpose of defrauding the revenue,

but an actual effort, in the face of official insistence on a lower market value, to pay duties on a higher value. Therefore, it is alleged that entry at the value indicated by the appraiser can represent nothing but complete good faith.

Government counsel, on the other hand, contends that the broker knew of the higher value and should have insisted that the customs officials accept the amended entry, even though such action might upset whatever established practice was being followed with regard to value on this particular type of merchandise; that, had the broker insisted upon acceptance of the amended entry, the customs officials would have been bound to accept such amendment, and the broker would have been in a position of having done everything within her power to ensure that the goods were actually entered at the proper value, citing *United States v. Balfour, Guthrie & Co., Ltd.*, 39 C. C. P. A. (Customs) 199, C. A. D. 487.

. Section 489, here involved, was first enacted by Congress in 1922 and was reenacted without change in the act of 1930. By the revision of earlier statutes, the intention of Congress was to promote the ends of justice, not to defeat them. *Les Parfums de Molyneux v. United States*, 26 C. C. P. A. (Customs) 323, C. A. D. 36. As was said by our court of appeals in *Klein, Messner Co. v. United States*, 13 Ct. Cust. Appls. 273, 277, T. D. 41212, "Clearly this is a remedial statute to be liberally construed to promote the object of the legislation." This liberal interpretation of the statute has been generally continued by our court of appeals.

In the case of *Wolf & Co. v. United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, the principle was established, and has ever since been adhered to, that a petitioner seeking remission of additional duties must show: (1) That, in undervaluing his merchandise, he was acting in entire good faith; (2) that no facts or circumstances were known to the petitioner when he made entry that would cause a prudent and reasonable person to question the correctness of the values given by him; and (3) that a full disclosure was made to the collector in making the entry of all material facts within his knowledge and possession relative to the value of the imported merchandise. In the instant case, the broker certainly disclosed all the material facts within her knowledge and possession, relative to the value of the imported huaraches. An honest effort was made to amend the entry to show the higher value, but this effort was thwarted by the customs officials, who refused to accept an amended entry. As to the theory of Government counsel that the broker "should have insisted that the customs officials accept the amended entry," this court is of the opinion that the tender of the amendment was a demonstration of good faith and certainly negatives any intent to deceive the customs officials.

Upon this record, we find that the intention of Congress to promote the ends of justice would best be served by holding that petitioners have produced "satisfactory evidence," as required by said section 489 "that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise."

The petition is, therefore, granted. Judgment will be rendered accordingly.